Parker, C. J.
The jury have found, upon satisfactory evidence,
that Allen was the general agent of the defendant for the purchase of goods for the store at Bridgewater. This fact would entitle the plaintiffs to recover, notwithstanding the goods were never received by the defendant; which is another fact found by the jury. For it is very clear that the party, who employs the agent, is answerable for his fidelity, and is liable for any loss occasioned by his fraud while in the service of his principal.
But there is another fact in the case, the effect of which was reserved for the consideration of the whole Court, viz., that the plaintiffs were unwilling to trust to Allen’s representations *81 *and refused to deliver the goods, unless he produced [ * 101 ] a written order or authority from the defendant to purchase the goods on his account. Allen then produced a paper, giving him the necessary authority, purporting to be signed by the defendant. But it was not, in fact, signed by him; his name having been forged by Allen.
The point upon which the counsel for the defendant insisted is, that as the goods were not delivered upon the representation of Allen, or upon any knowledge that he was the defendant’s agent, but entirely on the faith of the written authority, the plaintiffs had no right, finding that fail, to go into other evidence of Allen’s general agency; especially into the proof of facts, which, although existing at the time the sale was made, were unknown to the plaintiffs, and, therefore, could not have been a consideration or inducement for them to sell.
The cause was argued upon this point. But no authorities were cited which appear to have a bearing upon it, and none have been since found; so that the decision must rest rather upon general principles than upon authority. One thing is certain, viz., that the plaintiffs intended to sell these goods to the defendant, and not to Allen. They insisted upon evidence of authority, and they immediately charged the. goods to the defendant.
Another thing seems to be clear, that Allen had authority to pur chase; and that, if the plaintiffs had been content with his assertion of authority, there would be no difficulty in the way of their recov ering. They might have trusted to his word ; and if the defendant afterwards denied the agency, they might have gone into all the evidence used in the case, and from that established the fact of authority. How then can it make any difference that the false paper was before them, and that they placed confidence in it, rather than in the declarations of Allen to the same fact ? They trusted to the fact of authority, rather than to the evidence of it. Suppose that, finding the paper was forged, they had, at the trial, produced another paper which *was genuine, or a letter [ * 102 ] authorizing the purchase of these goods; would they be precluded from producing this, because another paper, purporting to prove the same fact, was found to be false ? Suppose at the trial they had discovered and produced to the jury a letter of attorney not known to them before; would the use of it be denied, because they might have relied upon the declarations of Allen, or upon a paper forged by him ?
The fact to be established was, that the defendant made the purchase through the agency of Allen, and that the plaintiffs believed that they sold to the defendant, and did not trust Allen. It is cer *82 tainly immaterial, whether their belief was founded on sufficient 01 insufficient evidence; provided the fact on which they relied, turned out to be true, and could be proved by competent evidence to the jury.
The case of a dormant partner is somewhat analogous, although much stronger than this. In that case, there is not only no evidence of copartnership at the time of giving the credit, but the fact is not relied on. It may be wholly unknown and unsuspected ; and the vendor may rely solely on the responsibility of him to whom the credit is directly given, and may charge the goods to him alone, and even take his promissory note for the amount; and yet, upon proof of the copartnership, he may recover against the dormant partner.
In short, we see no difficulty in this case, except the apparent hardship of it upon the defendant. This cannot relieve him from a legal obligation, although it has induced us to delay judgment, that we might be entirely satisfied that there was no legal defence (1).

Judgment on the verdict.

 [Quisre as to this decision. There seems to be a fallacy in the argument oi the Court in assuming that Mien had authority to make the purchase; in fact he had no such authority, and the goods bought were not, as far as appears, intended for, and did not go to the use of the defendant. The defendant could not, therefore, be legally liable, unless by some act done, or some authority given to Mien, on some other occasion, he had held out to the plaintiffs, or caused them to understand, or given them reason to believe, that Mem was lawfully acting in this instance as his agent. This is negatived by the facts in the case. Mien gained the credit only by an act of ins own, wholly unauthorized. He was, so far as the plaintiffs were concerned, and was to be regarded as a mere stranger, who had never been employed by the defendant, but who had forged a power of attorney from him to act on this occasion. There is no such analogy, as the Court suppose, between this case and that of a dormant partner who shares in the profits of the company.—Ed.]