## ELLSWORTH *vs.* TARTT.

1. If the several proprietors of different portions of a public line of travel, by agreement among themselves, appoint a common agent at each end of the route. to receive the fare and give through tickets, this does not, of itself, constitute them partners as to passengers who purchase through tickets, so as to render each one liable for losses occurring on any portion of the line.

.ERROR from the Circuit Court of Montgomery.

Tried before the Hon. ROBERT DOUGHERTY.

ACTION ON THE CASE against a common carrier, to recover damages for the loss of plaintiff's trunk and its contents. The facts proved on the trial, so far as they are material to an understanding of the case as here presented, were as follows : The plaintiff, in traveling from Mobile to Charleston, purchased at the stage-office in Montgomery a through ticket from that city to Charleston, and traveled by railroad to West-Point, the eastern terminus of the road ; at that point the passengers, with their baggage, were transferred to coaches, in which they proceeded towards Atlanta, Georgia ;

on arriving at Lagrange, Georgia, the coaches were changed, and on reaching a station beyond that place it was discovered that plaintiff's trunk was missing. The plaintiff was traveling under the charge of Mr. Pratt, and the defendant was on the line at the time. Mr. Pratt informed the defendant of the loss of the trunk, as soon as it was discovered; and the defendant thereupon told Pratt that he was one of the proprietors of the line of coaches, promised to have diligent search made for the trunk, and wrote his name across a memorandum containing a list of the articles in it. The defendant was the proprietor of the line of coaches which ran between West-Point and Lagrange, while the route between Lagrange and the station at which the loss of the trunk was first discovered was owned by Peters & Beman; and the bill of exceptions states, that the "evidence tended to show that the said Peters & Beman's line was separate from that of defendant—that defendant had no interest in their line of coaches and horses, and that they had no interest in his line." There was evidence, also, tending to show that plaintiff's trunk was lost beyond Lagrange, on that portion of the line which was owned by said Peters & Beman.

The court charged the jury, " that if they believed from the evidence that plaintiff left Montgomery, in this State, for Charleston, South Carolina, and traveled with a through ticket, and that defendant received, or was to receive, under any contract or agreement, any part of the money paid for said through ticket by plaintiff, and that defendant was the proprietor of any portion of the route over which plaintiff traveled in going to Charleston, then the defendant was, as to the plaintiff, a co-partner with the proprietors or owners of the other portions of the route; and that if plaintiff's trunk contained her baggage, and was lost on any portion of the route between Montgomery and Charleston, then defendant was liable to plaintiff for the value of the trunk and its contents." To this charge the defendant excepted, and he now assigns it for error.

NAT. HARRIS, for the appellant:

To charge the defendant with the loss of plaintiff's trunk and its contents, it was necessary for the plaintiff to show,

either that they were lost by the defendant, or that he was a co-partner with the person by whom they were lost. The mere fact that the several proprietors of the different portions of the route for transporting passengers between Montgomery and Charleston employed the same agent to collect their fare, did not make them all partners, either amongst themselves, or as to third persons : there was no communion of profits between the several proprietors.—Collyer on Partnership, §§ 18, 21, 22 ; Porter v. McLure and Tourtellot, 15 Wend. 187 ; Jackson v. Robinson, 3 Mason's R. 141.

WATTS, JUDGE & JACKSON, *contra:*

The evidence tended to show that the defendant was interested in the proceeds of the through ticket to Charleston ; and the fact that he owned the coaches and horses of a portion of the route only, did not, as to third persons, destroy his liability as a partner with the proprietors of the other portions : the through-ticket arrangement made him liable to any passenger bearing a through ticket.—Story on Bailments, § 506 ; Champion v. Bostwick, 18 Wend. 175 ; Bostwick v. Champion, 11 *ib.* 580 ; Fairchild v. Slocum, 19 *ib.* 329. If Ellsworth was not interested in the through ticket, why did he not demand pay of the passengers ? He was on the line at the time of the loss ; he made no objection to the through ticket, but recognized his liability in case of loss ; he told the witness Pratt that he was interested " in the line", and wrote his name on the list of articles in the trunk, for the purpose of showing the passenger to whom to look in case of the ultimate loss of the trunk.

GOLDTHWAITE, J.—The record shows that, on the trial below, the evidence established the fact, that the plaintiff purchased a through ticket from Montgomery to Charleston, and that over a portion of the route between those points, the defendant (Ellsworth) was the proprietor of a line of stages ; and it further shows that, by virtue of such ticket, he recognized the right of the plaintiff to be carried as a passenger in the stages over his part of the route. Upon this evidence, we regard the charge of the court as asserting the proposition, that if the defendant was to receive any portion

of the money paid for the through ticket, it made him a partner with all the other proprietors along the entire route, and rendered him responsible for losses occasioned by the negligence of any one of them.

The general rule is, that to constitute a partnership *inter se* between two or more, there must be a joint understanding or agreement, the effect of which is to make each a participator in the profits and losses.—3 Kent's Com. (7th ed.) 20 ; Gow on Part. pp. 14, 15 ; Post v. Kimberly, 9 John. 495. But individuals, although not partners as between themselves, may occupy a position which renders them liable to third persons as such ; as where two or more hold themselves out to the public as joint partners, and are trusted as such ; or where there is a participation in the profits as principals, although by agreement between themselves they are not *inter se* to be liable as partners.—Bostwick v. Champion, 11 Wend. 572 ; S. C. 18 *ib.* 175. And in some cases it has been held, that an agreement, by which one is to receive an interest in the profits by way of compensation for his services, makes him a partner as to third persons (Grace v. Smith, 2 W. Black. 998, 1000 ; *Ex parte* Rowlandson, 1 Rosc. 89 to 91 ; *Ex parte* Langdale, 18 Ves. 300 ; Dob v. Halsey, 16 John. 34) ; but it is very questionable if the rule can be sustained to that extent.—Story on Part. § 36 *et seq.*; Rice v. Austin, 17 Mass. 97 ; Muzzy v. Whitney, 10 John. 226 ; Loomis v. Marshall, 12 Conn. 69 ; Turner v. Bissell, 14 Pick. 192 ; Vanderburg v. Hall, 20 Wend. 70 ; Rawlinson v. Clarke, 15 Mees. & W. 292.

The case at bar comes up to neither of these propositions. The liability of the appellant as a partner, by the charge of the court, was to depend solely upon the fact of his having the right to receive any portion of the money paid for the through ticket. Suppose the different proprietors along the route came to the understanding to appoint a common agent at each end, to receive the fare of each from passengers going through, and to give a receipt, or through ticket ; it is very clear that such an agreement would not constitute a partnership *inter se*, or as to third persons, and yet each proprietor would have the right to receive his proportion of the fare ; there would be, in such

case, no community of interest, either in the property, or the profits.

In the case of Bostwick v. Champion, *supra*, the facts were, that the defendants were engaged in running a line of stages from Utica to Rochester, the entire route being divided into sections; the occupants of each section provided their own carriages and horses, and employed their own drivers, and paid the expenses of their separate section and the tolls at the turnpike gates; and the money received as the fare of the passengers over any portion of the line, after deducting such tolls, was divided among the occupants of the several sections, in proportion to the number of miles run by each. Judge Nelson, who delivered the opinion of the Supreme Court, held that the defendants were partners as to third persons, on the ground of community of profits: that the effect of the agreement was the same " as if each proprietor had put in a capital equal to the value of their coaches and horses, and, after deducting the expenses of running them from the aggregate receipts, divided the profits"; " that the proceeds of the aggregate route were thrown into a common fund and divided." The case was removed to the Court of Errors, the opinion there being placed upon the same ground by Chancellor Walworth, who concedes that " the case would be entirely different, if each stage owner was to receive and retain the passage money earned on his part of the line, and sustain all the expenses thereof, and was only to act as agent for the others in receiving the passage money for them, for the transportation of passengers over their parts of the line : in that case, there would be no joint interest, and no liability to third persons as partners." In the case at bar, there was no community of interest in the property of the entire route, so far as the record discloses; and the right of the defendant, under an agreement with the other proprietors, to receive his fare for his part of the route, out of the money paid to a common agent for a through ticket, would not make him in any sense a participant in the profits of the entire route, and for that reason would not render him liable to third persons as a partner.

The case of Fairchild v. Slocum, 19 Wend. 329, relied on by the appellee, has no application whatever. There, the

defendants were common carriers, and their undertaking was to carry the goods from New York to Ogdensburg. The contract which they entered into regulated their liability, which was not changed by the fact that they employed the vessels of other persons along all, or any portion of the route. If the defendant (Ellsworth) had contracted to carry the plaintiff to Charleston, the cases would have been analogous.

From the views we have expressed, it follows, that the charge given by the court was erroneous; and as the case stands, it would be premature to consider the other questions raised.

Judgment reversed, and cause remanded.