## Case No. 7,051.

INSURANCE CO. v. The C. D., JR.

[1 Woods, 72.][1]

Circuit Court, E. D. Louisiana. Nov. Term, 1870.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

Jos. P. Horner and W. S. Benedict, for libellant.

M. Grivot, for claimant.

WOODS, Circuit Judge. On the 28th of November, 1858, between two and three o'clock in the morning, a flatboat called the Delta, loaded with machinery and castings for a sawmill and draining machine, and lying moored to the bank of the Mississippi river, about four miles above Donaldsonville, was run into and sunk by the steamer C. D., Jr., and a large portion of her cargo was carried to the bottom of the river. The machinery on board the flat was the property of the Niles Works, in Cincinnati, and was insured in the Commercial Insurance Company, of Cincinnati. The insurance company paid to the Niles Works the amount of the loss occasioned by the collision, and now brings this suit to recover the sum so paid, from the C. D., Jr., and her owners.

The answer of respondents raises two preliminary questions which demand our attention. It is claimed that the libellant, being a corporate body created by the laws of the state of Ohio, cannot bring suit outside the limits of that state. This position is not tenable. An incorporated company has only to show that it has been regularly and effectually made a corporate body to enable it to sustain a suit beyond the jurisdiction within which it was constituted. Thus in the case of the Dutch West India Company, it was long since decided in England, both in the king's bench and common pleas, that a Dutch corporation might sue in England, though the objection was made that it could not maintain a suit on account of its foreign charter. Henriques Van Moyses v. Dutch West India Co., 2 Ld. Raym. 1535. Since this case, it has been decided that a foreign corporation may maintain an action of assumpsit in England. Chit. Cont. (11th Am. Ed.) 383. Indeed after it has been proved, like any other matter of fact, that an association of persons who bring a suit in any foreign court, by a corporate name, have been incorporated, there is no more reason why their suit should not be sustained, than there is why the suit of a natural individual who is a foreigner should not be. Ang. & A. Corp. (8th Ed.) § 372. Every argument in favor of entertaining in American courts suits by corporations created by the laws of a country not forming a part of the American Union, applies with still greater force to corporations of the states composing the Union.

In Bank of Marietta v. Pindall, 2 Rand. [Va.] 465, Judge Cabell said respecting the power of a corporation, created by the laws of a state, to sue in another state, that "it is rendered doubly necessary by the intimacy of our political union, and by the freedom and frequency of our commercial intercourse." So in the Portsmouth Livery Co. v. Watson, 10 Mass. 91, where the plaintiff was a company not incorporated by the law of Massachusetts, and when it was said that the damages should have been demanded in the name of all the persons constituting said company, suing in their private and individual capacities, the court replied that "the principle suggested by the plea has no foundation in any maxim or in any argument of public convenience or policy. Corporations are artificial persons, and their existence and rights are to be proved, whether the result of a public or private statute, domestic or foreign, as any other fact of that nature is proved. The powers of corporations to sue a personal action in this state are not restricted to corporations created by the laws of this commonwealth." The same doctrine is announced by Chancellor Kent, in Silver Lake Bank v. North, 4 Johns. Ch. 370. See, also, Lombard Bank v. Thorp, 6 Cow. 46; Hartford Bank v. Barry, 17 Mass. 97; and Williamson v. Smoot, 7 Mart. [La.] 31. In the case of Bank of U. S. v. Deveaux, 5 Cranch [9 U. S.] 61, Taney, C. J., held that a corporation aggregate might sue in the courts of the United States, when the persons composing said corporation were citizens of a different state from the opposite party. But in the case of Louisville, C. & C. R. Co. v. Letson, 2 How. [43 U. S.] 497, the supreme court overruled so much of this opinion as authorized a corporation to plead in abatement that one or more of the corporators, plaintiffs or defendants, were citizens of a different state from the one described, and held that the members of the corporate body must be presumed to be citizens of the state in which the corporation was domiciled, and that both parties were estopped from denying it. So we may consider it as the settled law, that a corporation may maintain a suit in either the state or federal courts outside the limits of the state by whose laws it was created.

Respondents further claim that having shown by the testimony, as they allege, that the insurance company was not legally bound to indemnify the insured for the loss the latter sustained by the collision, therefore the libellants have no cause of action against respondents, although they have paid the loss. But I am of opinion that the authorities are adverse to this claim, and adopt the conclusion of the district judge, and refer to the case of Monticello v. Mollison, 17 How. [58 U. S.] 152.

On the merits of the case, I think the right of libellants to recover is clearly established. I am also satisfied from the testimony, that the amount of damage, as found by the commissioner, is correct. A decree in favor of the libellants will be entered accordingly.