DAVID J. HANNA, Suing for himself as Stockholder and all Other Stockholders of the PEOPLE'S NATIONAL BANK OF SALEM, N. Y., in Like Situation who Shall Choose to Make Themselves Parties to this Action, and Others, Respondents, Impleaded with Others, *v.* PEOPLE'S NATIONAL BANK OF SALEM, N. Y., Defendant, Impleaded with SUSAN A. LYON and CYRUS P. HATCH, as Executors, etc., of CHARLES LYON, Deceased, and Others, Appellants.

*Stock — sold under an assessment made necessary by the misconduct of the directors of the corporation — the stockholder cannot, having lost the stock, sue for the damages thus done him.*

Where the misconduct of the directors of a bank, in the discharge of their corporate duties, necessitates an assessment upon the stock, a person who was a stockholder of the bank at the time the misconduct occurred and whose stock was sold because of his failure to pay the assessment necessitated by such misconduct, cannot, after he has thus ceased to be a stockholder, and the corporation is still transacting business, maintain an action " for himself as stockholder

and all other stockholders of the" bank in like situation who shall choose to make themselves parties to the action to recover damages from the directors because of such misconduct.

When, by the sale of his stock, the plaintiff ceased to be a stockholder of the bank, he no longer possessed any right of action on account of the past mis. conduct of the directors in the discharge of their duties as agents of the corpo. ration, and whatever interest he had in such right of action passed to the purchaser of the stock.

Such a cause of action belongs to the corporation and is a corporate asset, a substitute for the corporate loss through the directors' misconduct.

SMITH, J., dissented.

APPEAL by the defendants, Susan A. Lyon and Cyrus P. Hatch, as executors, etc., of Charles Lyon, deceased, and others, from a judgment of the Supreme Court in favor of the plaintiffs David J. Hanna and others, entered in the office of the clerk of the county of Washington on the 18th day of December, 1901, upon the decision of the court rendered after a trial at the Saratoga Special Term, with notice of an intention to bring up for review upon such appeal an intermediate order, bearing date the 28th day of March, 1900, and entered in the office of the clerk of the county of Washington, making Clarissa Piser and Cora M. Arnott, as administratrix of William B. Maynard, deceased, parties plaintiff to the action and amending the complaint accordingly.

*J. Sanford Potter, S. W. Russell* and *Abner Robertson*, for the appellants.

*James Lansing*, for the respondents.

KELLOGG, J.:

It is obvious that, when this complaint was drawn, the pleader was impressed with the belief that the plaintiff had a common-law right of action against these defendants for damages, although the plaintiff was not then a stockholder in the People's National Bank and had not been for over five years previous. The complaint does not allege that he was a stockholder at the commencement of the action, or has become such since. It does allege that he was a stockholder in 1893, and at the time of the alleged misconduct of the directors, and by reason of such misconduct an assessment was

directed, and, failing to pay the same, his stock was sold and "became wholly lost to him." The proof, also, is that a certificate of ten shares was issued to the plaintiff in January, 1885, and was sold, as alleged, on May 1, 1894. Indeed it is not claimed that plaintiff has been a stockholder since May 1, 1894. This action was begun in July, 1899.

It is plain, therefore, that this is not a stockholder's action. In case of loss to a corporation, through the culpable misconduct of its directors, a cause of action exists in favor of the corporation, and, in case of refusal of such corporation to bring the action or in case the wrongdoers are in control of the corporate management, such action may be prosecuted by a stockholder; but the cause of action does not belong to the prosecuting stockholder; it still belongs to the corporation and the judgment in such case is in effect a judgment in favor of the corporation. The cause of action is a corporate asset; it is a substitute for the corporate loss through the directors' misconduct, and in law makes good such loss to the corporation. When such cause of action is reduced to money, it must necessarily go back to the treasury of the corporation to be disposed of like any other corporate asset. The case must indeed be an exceptional one in which a personal judgment in favor of the stockholder can be obtained in a case when the corporation is still transacting business. The idea of a personal judgment implies that the court has power to extract this particular asset from the general assets of the corporation and make a dividend out of it among the stockholders themselves. This might cripple the corporate management and so far reduce the corporate assets as to leave little or nothing to satisfy the claims of creditors. It is not claimed that the directors can be made to pay twice, once to the stockholders and again to the corporation. Only on the theory of a double liability can a judgment, personal to the stockholder, be sustained where a corporation has not ceased to exercise its functions. Only on such a theory can an action by a person who has ceased to be a stockholder, be maintained, notwithstanding he was a stockholder when the negligence occurred. We are unable to find any precedent in the cases for such an action, or any case which intimates that any single stockholder owns a cause of action against directors of a corporation for negligence in discharge of corporate duties, or that the stockholder

takes with him that cause of action when he goes out of the corporation.

*Brinckerhoff* v. *Bostwick* (99 N. Y. 185) is an action, instituted by a stockholder, to recover on account of the negligence of directors in the discharge of corporate duties. EARL, J. (p. 194), says: "The action is really the action of all the stockholders, as it was necessarily commenced in their behalf and for their benefit. It could not have been commenced by one stockholder for himself alone. * * * In this case, therefore, it was not necessary that the other plaintiffs should have been joined as nominal plaintiffs. The suit could have gone to judgment without their presence as nominal plaintiffs, and the judgment would have been just as effectual and just as beneficial for them as if they had been actually named as parties plaintiffs. * * * There was no purpose in their becoming nominal plaintiffs except that they might have some control of the action and thus be present to protect and secure their rights, and to prevent a discontinuance of the action by the original plaintiff." It is important to bear in mind, in the discussion of this matter, that the cause of action belongs to the corporation and is one of its assets, and may, in any given case, be the most valuable of its assets or indeed be its only asset. It is true that stockholders are the ultimate beneficiaries; so are they of all of the corporate assets. Until the corporation ceases to exercise corporate functions, and until it is in a condition where all the corporate assets may be properly divided among stockholders, it does not seem to me that a judgment can be properly rendered which in effect divides and distributes any portion of the assets among the stockholders. It appears to me that the case does not differ from those cases where a creditor or party interested, on the refusal of the trustee, brings an action to recover property which is claimed to belong to the estate of a deceased person, or to an assignee for benefit of creditors, or to a general receiver of property in the interest of creditors and others. It is permissible in such a case for the party in interest, the trustee refusing, to pursue the property; if the pursuit is successful and any property is recovered, whether in the nature of a judgment for money or otherwise, the recovery passes to the trustee to be disposed of as other assets. The judgment is in fact and in effect in favor of the trustee. The party bringing the action obtains no judgment for

himself, and reaps no benefit which he would not have obtained if the action had been prosecuted by the trustee. To adopt any other rule in case of a corporation might, as we have seen, work disaster not only to the corporation but to its creditors. In case the whole corporate assets were stolen or dissipated by the willful misconduct of the agents of the corporation — the directors — the stockholders, with no liability to creditors, could easily through a judgment recover for their personal use the value of all property stolen or lost, and thereby save themselves at the expense of the corporate body and its creditors. This rule applied to a banking corporation might leave all depositors unpaid. I think it is plain, therefore that, when a stockholder parts with his stock whether voluntarily or otherwise, he parts with all ultimate interest he as stockholder had in this chose in action, and the purchaser takes it. It follows the stock, and, hence, when he ceases to be a stockholder he no longer possesses any right of action on account of the past negligence of directors in the discharge of their duties as agents of the corporation. This would seem to dispose of the case before us. The plaintiff cannot maintain this action. He neither alleges nor proves that he is a stockholder.

The complaint is, doubtless, demurrable. A demurrer would, however, lie upon the sole ground that the complaint failed to state facts sufficient to constitute a cause of action. There is no defect of parties plaintiff or defendant. Only a single cause of action is sought to be alleged. The plaintiff has legal capacity to sue. The ground urged by respondent that defendants waived the right to claim that plaintiff cannot maintain this action because they did not demur on the ground last stated — lack of capacity to sue — is not tenable. It was said in *Ward* v. *Petrie* (157 N. Y. 311): "There is a difference between capacity to sue, which is the right to come into court; and a cause of action, which is the right to relief in court. Incapacity to sue exists when there is some legal disability, such as infancy or lunacy or a want of title in the plaintiff to the character in which he sues. The plaintiff was duly appointed receiver and has a legal capacity to sue as such, and, hence, could bring the defendants into court by the service of a summons upon them even if he had no cause of action against them. On the other hand, an infant has no capacity to sue, and, hence, could not lawfully cause the

defendants to be brought into court even if he had a good cause of action against them. Incapacity to sue is not the same as insufficiency of facts to sue upon." (See, also, *Bank of Havana* v. *Magee*, 20 N. Y. 355.)

The fact that the complaint states that he complains " in behalf of himself and all others, the stockholders of the People's National Bank of Salem, New York, in like situation as himself, who shall in due time come in and seek relief by, and contribute to, the expenses of this action," does not improve the situation or give him standing in court which he would not have had if this extension of courtesy had been omitted from the complaint. Neither he, nor any of his class of non-stockholders, had a cause of action on the facts alleged. The subsequent order of the court at Special Term, permitting two others who were stockholders to join as nominal plaintiffs, was opposed by defendants, and there has been no consent on the part of the defendants to shift plaintiffs in the action. No new or amended complaint appears to have been served by these nominal plaintiffs, and the whole and only issue here to be tried is upon the facts alleged in the original complaint. The action must stand or fall upon the right of this original plaintiff to maintain the action. These new nominal plaintiffs did not belong to his class, and their capacity, as actual stockholders, cannot be invoked to sustain an original action in their favor which can only be commenced by summons. They could not give to plaintiff Hanna rights which he did not possess when his action was commenced. These propositions seem to me too plain for argument.

The defendants at the close of the evidence moved that the complaint be dismissed, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the further ground that plaintiff had failed to prove a cause of action. The motion was denied, to which ruling of the court the defendants excepted. The motion should have been granted. The judgment should be reversed, with costs, and the action dismissed, with costs.

All concurred, except SMITH, J., dissenting in an opinion.

SMITH, J. (dissenting):

The reasoning of Justice KELLOGG, to my mind, disregards one material fact. This devastavit has been made good to the corpora-

tion by an assessment paid by the stockholders. Generally, for a devastavit of the assets of a corporation, the corporation only has a right of recovery. If the corporation refuses to sue, an action may be brought by a stockholder for the benefit of the corporation. But is this action brought for the benefit of the corporation? If stockholders, to make good a devastavit of the directors, have been compelled to pay an assessment upon their stock, does the corporation still have a right to recover for that devastavit? Are not the stockholders, to the extent to which they have made up the loss, subrogated in equity to the rights of the corporation as against the directors? No right would then be taken from the corporation nor from its creditors, and the injury done to the individual stockholder could thus be directly compensated. Where an insurance company makes good to the owner a loss by fire occasioned by the negligence of a common carrier, that company is subrogated to the rights of the insured as against the common carrier for its negligence. In May on Insurance (Vol. 2 [4th ed.], § 454) the right is thus stated : ":And the right is based upon the equitable doctrine that where one has been obliged to pay money to another by the non-feasance or misfeasance of a third, who, being at fault, ought to bear the loss, the party so paying, as by his direct obligation towards the party suffering the loss he may be compelled to do, shall be allowed, indirectly and through the right which the injured party had, to compel the wrong-doer to bear the burden which was imposed by his fault ; although, between him and the wrong-doer, there is no direct relation upon which to found a cause of action. In other words, the party injured being so situated that he may call, by his right at law, upon the party who is responsible for the injury, or, by his contract, upon one who is not at fault, for his indemnity ; if he elect the latter then the latter shall be allowed to do, in his name, what in the first instance the injured party might have done, and justice, as between all the parties, decrees ought to be done. * * * The insurer stands practically in the position of a surety, and whenever he has indemnified the owner for the loss, he is entitled to all the means of indemnity which the satisfied owner held against the carrier. This right depends not upon privity of contract, but is worked out through the right of the creditor or owner and in his name, and exists although the insurer was not legally bound to

indemnify the insured for the loss he sustained." (See, also, *Insur-ance Co.* v. *The C. D., Jr.*, 1 Woods, 72 ; 13 Fed. Cas. 65 ; *Connecti-cut Fire Ins. Co.* v. *Erie R. Co.*, 73 N. Y. 399 ; *Fayerweather* v. *Phenix Ins. Co.*, 118 id. 327 ; *Hall & Long* v. *Railroad Com-panies*, 13 Wall. 369.)

If this subrogation be allowed to an insurance company which has no privity whatever with the wrongdoer, *a fortiori* should it be allowed to a stockholder to whom the wrongdoer owes the duty of diligence. Primarily, the devastavit of the assets of a corpora-tion constitute an injury to the corporation alone in which the stock-holders are only indirectly interested. Where, however, they are required to make good to the corporation that loss, their interest then becomes direct, and I can see no reason why the injury to the corporation, which they have repaired, does not become an injury to them for which they can recover.

The argument thus far proceeds upon the rights of a stockholder who has paid his assessment. If, however, his stock has been sold in default of payment of that assessment, the purchaser upon that sale obtains the stock at its depreciated value. He has, therefore, suffered nothing by the wrong of the directors. The stockholder, however, who has lost his stock by reason of the assessment to make good the loss caused by the devastavit is the one who has suffered and to whom the right of action should belong. I agree that one who has sold his stock has no such interest that he can bring an action to make good to the corporation this loss, but where the cor-poration is made whole by a compulsory assessment, to collect which the stock has been sold, the right of a stockholder who has thus lost his stock is not a representative, but an individual right, for a direct injury to himself.

And such an action, I think, must be one in equity. To the extent to which the loss is made good by an assessment the stock-holder is subrogated to the right of the corporation, but to that extent only. Beyond that the loss is still the loss of the corpora-tion, for which it may sue. In an action brought by a stockholder, then, who has paid an assessment, or by a former stockholder who has lost his stock through failure to pay the assessment, the corpora-tion is a necessary party defendant, in which action must be deter-mined how far the assessment has made good the loss caused by the

devastavit,. and to what extent the stockholder should be subrogated to the rights of the corporation as against the directors.

This is not the theory upon which the case was decided, nor is it the theory upon which it was tried. In the complaint, however, the devastavit is alleged, the assessment of the stock to pay there for, and the sale of the stock to pay that assessment. The bank is made a party defendant, together with the delinquent directors. The defendants have answered, and the plaintiff is entitled to any relief justified by the facts alleged and the proof given. The judgment has not, I think, transgressed any of these rules, and should not be reversed because a wrong reason has been given therefor.

Judgment reversed, with costs, and action dismissed, with costs.