HANNA v. PEOPLE'S NAT. BANK OF SALEM et al.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. NATIONAL BANKS—STOCK—ASSESSMENT—FAILURE TO PAY—SALE OF STOCK—
    CORPORATE LOSS—NEGLIGENCE OF DIRECTORS—STOCKHOLDER'S REMEDY.
        Where a national bank sold a former stockholder's stock for his failure to pay an assessment thereon made necessary by the negligence or misconduct of its directors, causing loss to the bank, such stockholder is not entitled to sue the bank and its directors to compel the directors to pay him the amount of his damages resulting from such negligence or misconduct.

2. SAME—CAPACITY TO SUE—WAIVER.
        Where the complaint, in a suit by a former stockholder against a national bank and its directors to compel the latter to pay him the amount of his damages resulting from their negligence or misconduct, shows that he has not capacity to maintain the suit, the objection is not waived by defendants' failure to demur on that ground.

**3. SAME—ALLEGATION THAT SUIT IS FOR BENEFIT OF OTHERS SIMILARLY SITU-
ATED—EFFECT.**

An allegation in the complaint in a suit by a former stockholder against
a national bank and its directors to compel the latter to pay him the
damages resulting from their negligence and misconduct, that the suit
is on behalf of himself and other stockholders in like situation as himself
who shall come in and seek relief, does not aid in conferring jurisdiction
on the court.

**4. SAME—ADMISSION OF STOCKHOLDERS—EFFECT.**

The admission of present stockholders as plaintiffs, over the objection
of defendants, in a suit by a former stockholder, against a bank and its
directors to compel the latter to pay him the damages resulting from
their negligence or misconduct, though the suit is brought on behalf of
all other stockholders similarly situated, does not enable plaintiff to
maintain the action.

Smith, J., dissenting.

Appeal from trial term.

Action by David S. Hanna, for himself and others similarly situated
who shall choose to make themselves parties, against the People's
National Bank of Salem, N. Y., and Charles Lyon and others, as di-
rectors, to recover for the loss of the value of the stock, alleged to
have been occasioned by the negligence and misconduct of the direct-
ors in the discharge of their duties. From a judgment entered on the
decision of the court, without a jury (71 N. Y. Supp. 1076), adjudging
the directors guilty of negligence in the discharge of their duties, and
that they pay over to the bank, for the benefit of plaintiff and two
others who made themselves parties, a designated sum, defendants
appeal. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and
CHASE, JJ.

S. W. Russell and Abner Robertson (J. Sanford Potter, of counsel),
for appellants.

Lansing & Holmes, for respondent.

KELLOGG, J. It is obvious that when this complaint was drawn
the pleader was impressed with the belief that the plaintiff had a
common-law right of action against these defendants for damages,
although the plaintiff was not then a stockholder in the People's Na-
tional Bank, and had not been for over five years previous. The com-
plaint does not allege that he was a stockholder at the commencement
of the action, or has become such since. It does allege that he was
a stockholder in 1893, and at the time of the alleged misconduct of
the directors, and by reason of such misconduct an assessment was
directed, and, failing to pay the same, his stock was sold, and "became
wholly lost to him." The proof, also, is that a certificate of 10 shares
was issued to the plaintiff in January, 1885, and was sold, as alleged,
on May 1, 1894. Indeed, it is not claimed that plaintiff has been a
stockholder since May 1, 1894.. This action was begun in July, 1899.
It is plain, therefore, that this is not a stockholder's action. In case
of loss to a corporation through the culpable misconduct of its direct-
ors, a cause of action exists in favor of the corporation, and in case
of refusal of such corporation to bring the action, or in case the
wrongdoers are in control of the corporate management, such action

may be prosecuted by a stockholder; but the cause of action does not belong to the prosecuting stockholder; it still belongs to the corporation; and the judgment in such case is, in effect, a judgment in favor of the corporation. The cause of action is a corporate asset. It is a substitute for the corporate loss through the directors' misconduct, and, in law, makes good such loss to the corporation. When such cause of action is reduced to money, it must necessarily go back to the treasury of the corporation, to be disposed of like any other corporate asset. The case must, indeed, be an exceptional one, in which a personal judgment in favor of the stockholder can be obtained in a case where the corporation is still transacting business. The idea of a personal judgment implies that the court has power to extract this particular asset from the general assets of the corporation, and make a dividend out of it among the stockholders themselves. This might cripple the corporate management, and so far reduce the corporate assets as to leave little or nothing to satisfy the claims of creditors. It is not claimed that the directors can be made to pay twice,—once to the stockholders, and again to the corporation. Only on the theory of a double liability can a judgment personal to the stockholder be sustained where a corporation has not ceased to exercise its functions. Only on such a theory can an action by a person who has ceased to be a stockholder be maintained, notwithstanding he was a stockholder when the negligence occurred. We are unable to find any precedent in the cases for such an action, or any case which intimates that any single stockholder owns a cause of action against directors of a corporation for negligence in discharge of corporate duties, or that the stockholder takes with him that cause of action when he goes out of the corporation. Brinckerhoff v. Bostwick, 99 N. Y. 185, 1 N. E. 663, is an action instituted by a stockholder to recover on account of the negligence of directors in the discharge of corporate duties. Earl, J. (page 194, 99 N. Y., and page 668, 1 N. E.), says:

"The action is really the action of all the stockholders, as it was necessarily commenced in their behalf and for their benefit. It could not have been commenced by one stockholder for himself alone. * * * In this case, therefore, it was not necessary that the other plaintiffs should have been joined as nominal plaintiffs. The suit could have gone to judgment without their presence as nominal plaintiffs, and the judgment would have been just as effectual and just as beneficial for them as if they had been actually named as parties plaintiff. * * * There was no purpose in their becoming nominal plaintiffs, except that they might have some control of the action, and thus be present to protect and secure their rights, and to prevent a discontinuance of the action by the original plaintiff."

It is important to bear in mind in the discussion of this matter that the cause of action belongs to the corporation, and is one of its assets, and may in any given case be the most valuable of its assets, or, indeed, be its only asset. It is true that stockholders are the ultimate beneficiaries. So are they of all of the corporate assets. Until the corporation ceases to exercise corporate functions, and until it is in condition where all the corporate assets may be properly divided among stockholders, it does not seem to me that a judgment can be properly rendered which in effect divides and distributes any portion of the assets among the stockholders. It appears to me that the case

does not differ from those cases where a creditor or party interested, on the refusal of the trustee, brings an action to recover property which is claimed to belong to the estate of a deceased person, or to an assignee for benefit of creditors, or to a general receiver of property in the interest of creditors and others. It is permissible in such a case for the party in interest, the trustee refusing, to pursue the property. If the pursuit is successful, and any property is recovered, whether in the nature of a judgment for money or otherwise, it passes to the trustee, to be disposed of as other assets. The judgment is in fact and in effect in favor of the trustee. The party bringing the action obtains no judgment for himself, and reaps no benefit which he would not have obtained if the action had been prosecuted by the trustee. To adopt any other rule in case of a corporation might, as we have seen, work disaster not only to the corporation, but to its creditors. In case the whole corporate assets were stolen or dissipated by the willful misconduct of the agents of the corporation,— the directors,—the stockholders, with no liability to creditors, could easily, through a judgment, recover for their personal use the value of all property stolen or lost, and thereby save themselves at the expense of the corporate body and its creditors. This rule, applied to a banking corporation, might leave all depositors unpaid. I think it is plain, therefore, that when a stockholder parts with his stock, whether voluntarily or otherwise, he parts with all ultimate interest he, as stockholder, had in this chose in action, and the purchaser takes it. It follows the stock, and hence when he ceases to be a stockholder he no longer possesses any right of action on account of the past negligence of directors in the discharge of their duties as agents of the corporation. This would seem to dispose of the case before us. The plaintiff cannot maintain this action. He neither alleges nor proves that he is a stockholder.

The complaint is doubtless demurrable. A demurrer would, however, lie upon the sole ground that the complaint failed to state facts sufficient to constitute a cause of action. There is no defect of parties plaintiff or defendant. Only a single cause of action is sought to be alleged. The plaintiff has legal capacity to sue. The ground urged by respondent that defendants waived the right to claim that plaintiff cannot maintain this action because they did not demur on the ground last stated—lack of capacity to sue—is not tenable. It was said in Ward v. Petrie, 157 N. Y. 311, 51 N. E. 1002, 68 Am. St. Rep. 790:

"There is a difference between capacity to sue, which is the right to come into court, and a cause of action, which is the right to relief in court. Incapacity to sue exists when there is some legal disability, such as infancy or lunacy, or a want of title in the plaintiff to the character in which he sues. The plaintiff was duly appointed receiver, and has a legal capacity to sue as such, and hence could bring the defendants into court by the service of a summons upon them, even if he had no cause of action against them. On the other hand, an infant has no capacity to sue, and hence could not lawfully cause the defendants to be brought into court, even if he had a good cause of action against them. Incapacity to sue is not the same as insufficiency of facts to sue upon."

See, also, Bank v. Magee, 20 N. Y. 355.

The fact that the complaint states that he complains "in behalf of himself and all other stockholders of the People's National Bank of Salem, New York, in like situation as himself, who shall in due time come in and seek relief by, and contribute to the expenses of, this action," does not improve the situation, or give him standing in court which he would not have had if this extension of courtesy had been omitted from the complaint. Neither he, nor any of his class of nonstockholders, had a cause of action on the facts alleged. The subsequent order of the court at special term, permitting two others who were stockholders to join as nominal plaintiffs, was opposed by defendants, and there has been no consent on the part of the defendants to shift plaintiffs in the action. No new or amended complaint appears to have been served by these nominal plaintiffs, and the whole and only issue here to be tried is upon the facts alleged in the original complaint. The action must stand or fall upon the right of this original plaintiff to maintain the action. These new nominal plaintiffs did not belong to his class, and their capacity as actual stockholders cannot be invoked to sustain an original action in their favor which can only be commenced by summons. They could not give to plaintiff, Hanna, rights which he did not possess when his action was commenced. These propositions seem to me too plain for argument.

The defendants at the close of the evidence moved that the complaint be dismissed on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the further ground that plaintiff had failed to prove a cause of action. The motion was denied, to which ruling of the court the defendants excepted. The motion should have been granted.

The judgment should be reversed, with costs, and the action dismissed, with costs. All concur, except SMITH, J., who dissents.

SMITH, J. (dissenting). The reasoning of Justice KELLOGG, to my mind, disregards one material fact. This devastavit has been made good to the corporation by an assessment paid by the stockholders. Generally, for a devastavit of the assets of a corporation, the corporation, only, has a right of recovery. If the corporation refuses to sue, an action may be brought by a stockholder for the benefit of the corporation. But is this action brought for the benefit of the corporation? If stockholders, to make good a devastavit of the directors, have been compelled to pay an assessment upon their stock, does the corporation still have a right to recover for that devastavit? Are not the stockholders, to the extent to which they have made up the loss, subrogated in equity to the rights of the corporation as against the directors? No right would then be taken from the corporation or from its creditors, and the injury done to the individual stockholder could thus be directly compensated. Where an insurance company makes good to the owner a loss by fire occasioned by the negligence of a common carrier, that company is subrogated to the rights of the insured as against the common carrier for its negligence. In 2 May, Ins. (4th Ed.) § 454, the right is thus stated:

"And the right is based upon the equitable doctrine that where one has been obliged to pay money to another by the nonfeasance or misfeasance of a third, who, being at fault, ought to bear the loss, the party so paying, as by his direct obligation towards the party suffering the loss he may be compelled to do, shall be allowed, indirectly and through the right which the injured party had, to compel the wrongdoer to bear the burden which was imposed by his fault, although between him and the wrongdoer there is no direct relation upon which to found a cause of action. In other words, the party injured being so situated that he may call, by his right at law, upon the party who is responsible for the injury, or, by his contract, upon the one who is not at fault, for his indemnity, if he elects the latter, then the latter shall be allowed to do in his name what in the first instance the injured party might have done, and justice, as between all the parties, decrees ought to be done. * * * The insurer stands practically in the position of a surety, and whenever he has indemnified the owner for the loss he is entitled to all the means of indemnity which the satisfied owner held against the carrier. This right depends not upon privity of contract, but is worked out through the right of the creditor or owner, and in his name, and exists although the insurer was not legally bound to indemnify the insured for the loss he sustained."

See, also, Commercial Ins. Co. v. The C. D. Jr., 1 Woods, 72, 13 Fed. Cas. 65; Connecticut Fire Ins. Co. v. Erie Ry. Co., 73 N. Y. 399, 29 Am. Rep. 171; Fayerweather v. Insurance Co., 118 N. Y. 327, 23 N. E. 192, 6 L. R. A. 805; Hall v. Railroad Co., 13 Wall. 369, 20 L. Ed. 594.

If this subrogation be allowed to an insurance company which has no privity whatever with the wrongdoer, a fortiori, should it be allowed to a stockholder to whom the wrongdoer owes the duty of diligence. Primarily, the devastavit of the assets of a corporation constitutes an injury to the corporation alone, in which the stockholders are only indirectly interested. Where, however, they are required to make good to the corporation that loss, their interest then becomes direct; and I can see no reason why the injury to the corporation, which they have repaired, does not become an injury to them, for which they can recover.

The argument thus far proceeds upon the rights of a stockholder who has paid his assessment. If, however, his stock has been sold in default of payment of that assessment, the purchaser upon that sale obtains the stock at its depreciated value. He has therefore suffered nothing by the wrong of the directors. The stockholder, however, who has lost his stock by reason of the assessment to make good the loss caused by the devastavit, is the one who has suffered, and to whom the right of action should belong. I agree that one who has sold his stock has no such interest that he can bring an action to make good to the corporation this loss, but where the corporation is made whole by a compulsory assessment, to collect which the stock has been sold, the right of a stockholder who has thus lost his stock is not a representative, but an individual, right, for a direct injury to himself.

And such an action, I think, must be one in equity. To the extent to which the loss is made good by an assessment, the stockholder is subrogated to the right of the corporation, but to that extent only. Beyond that, the loss is still the loss of the corporation, for which it may sue. In an action brought by a stockholder, then, who has

paid an assessment, or by a former stockholder who has lost his stock through failure to pay the assessment, the corporation is a necessary party defendant, in which action must be determined how far the assessment has made good the loss caused by the devastavit; and to what extent the stockholder should be subrogated to the rights of the corporation as against the directors.

This is not the theory upon which the case was decided, nor is it the theory upon which it was tried. In the complaint, however, the devastavit is alleged, the assessment of the stock to pay therefor, and the sale of the stock to pay that assessment. The bank is made a party defendant, together with the delinquent directors. The defendants have answered, and the plaintiff is entitled to any relief justified by the facts alleged and the proof given. The judgment has not, I think, transgressed any of these rules, and should not be reversed because a wrong reason has been given therefor.