Francis X. Conlin, J.
Defendants Platt and Boss move for dismissal of the complaint upon the ground that plaintiff has not legal capacity to sue and the complaint is legally insufficient. Defendant Adler by cross motion joins in the application. Plaintiff and Adson Industries, Inc., engaged in an agreement of merger on April 23, 1963. This action was instituted by virtue of that agreement. There was a superseding agreement of merger of May 7, 1963. The merger was effected on June 5, 1963. The Class A stockholders of plaintiff for whose benefit the action was ostensibly commenced on May 8, 1963 are now stockholders of Adson along with all former stockholders of plaintiff at the time of merger. It is not disputed that the acts of which complaint is made occurred prior to March, 1963 and prior to any time at which Adson was a stockholder of plaintiff. It is plaintiff’s contention that Adson succeeded to its rights and has the right to continue this action in plaintiff’s name.
It was established in Capitol Wine & Spirit Corp. v. Pokrass (277 App. Div. 184, affd. 302 N. Y. 734) that a corporation has not the right to sue if its only stockholder acquired his stock after the event. The theory was stated by the Appellate Division as follows (pp. 188M89): “ The present stockholder, who has bought all of the shares in the corporation since these events occurred, is in the same situation as though all of the previous stockholders had ratified, and the effect upon the corporation should be held to be the same.” The same principle was applied where the stockholders acquired their stock from the defendants “ through the very mismanagement now complained of” and through the corporation as plaintiff were “ contesting acts through which they get title to a large portion of their stock” (Home Fire Ins. Co. v. Barber, 67 Neb. 644, 657, cited with approval in Capitol, supra). The court there stated (p. 673): “A plaintiff must recover on the strength of his own case, not on the weakness of the defendant’s case. It is his right, not the defendant’s wrong-doing, that is the basis of recovery. When it is disclosed that he has no standing in equity, the degree of wrong-doing of the defendant will not avail him.” The fact that plaintiff’s stockholders at the time of merger' disposed of their stock by reason of the merger is of no aid. As stated by the Appellate Division in Hanna v. People’s Nat. Bank (76 App. Div. 224, 228, affd. sub nom. Hanna v. Lyon, 179 N. Y. 107): “I think it is plain, therefore, that, when a stockholder parts with his stock whether voluntarily or otherwise, he parts with all ultimate interest he as stockholder had in this chose in action, and the purchaser takes it. It follows the stock, and, hence, when he ceases to be a stockholder *437 he no longer possesses any right of action on account of the past negligence of directors in the discharge of their duties as agents of the corporation.” Merger was present in Amella v. Consolidated Edison Co. of N. Y. (73 N. Y. S. 2d 263) and Tanenbaum v. Consolidated Edison Co. of N. Y. (72 N. Y. S. 2d 493) both affirmed (273 App. Div. 755). In Amelia the court stated (p. 265): “ Plaintiffs do not bring this action on behalf of Brooklyn in their derivative capacity as stockholders of that corporation. They could not sue in that capacity, since they already disposed of their stock.”
Plaintiff relies on the reservation contained in the merger agreements. In Rafferty v. Donnelly (197 Pa. 423) plaintiff had sold his stock reserving his right to compel defendants to account. In dismissing the complaint the court stated (pp. 429-430): “ But these are idle words. Bafferty had no right to any of the monies taken by Donnelly and Buby could be prejudiced or impaired. The money, if improperly taken from the treasury, belonged to the company, and the only right he had, we repeat, was to compel action for its return to the treasury, and even this right, which was incident to the stock, passed with the transfer of it to Snyder.” Plaintiff disavows the charge that this is a double derivative action. Nevertheless, disqualification to maintain a double derivative action exists, and this fact, too, buttresses the lack of capacity to sue in whatever manner the action is viewed. As stated in Gottfried v. Gottfried (112 N. Y. S. 2d 431, 438-439):
“ Here the plaintiffs appear in a ‘ double ’ derivative capacity. It is only by virtue of their stock interests in Gottfried that they are enabled to sue for alleged wrongs to Hanscom. They must therefore establish, in addition to a wrong to Hanscom and their own right to compel Gottfried to seek redress therefor, that Gottfried itself has a right to sue.
“ In other words, plaintiffs, as champions of Gottfried’s secondary right, are subject to whatever defenses would exist against Gottfried if that Corporation itself were suing. ‘ If for any reason the corporation is estopped from suing, or its action is barred, the suit by the stockholder * * * is likewise affected ’.” (Italics added.)
Finally, the merger cannot serve to vitiate the legal effect of the provisions of section 61 of the Stock Corporation Law. The motions are granted, and the complaint is dismissed against the movng defendants.