PEOPLE v. ANGLO–AMERICAN SAVINGS & LOAN ASS'N et al.

(MERRILL et al., Interveners).

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. BUILDING ASSOCIATIONS—INSOLVENCY—ASSETS—PROPOSED SALE—APPROVAL BY COURT—MODIFICATION—INTERVENTION.

After appointment of receivers in an action to dissolve an insolvent building and loan association, a company formed to purchase the assets made an offer of purchase, which contemplated the release of all personal liability of the directors of the association for any mismanagement. An order approving the proposed sale having been made, certain stockholders applied for leave to intervene, and to have the order vacated or modified by omitting the proposed release of the directors' liability. *Held*, that the burden was on petitioners to show that more could be realized from such liability than the consideration offered on the proposed sale, and, in the absence of any such proof, the court properly refused to modify or vacate its approval of the sale.

2. SAME.

The application for leave to intervene, being merely for the purpose of obtaining a modification or vacation of the approval of the sale, was properly denied when the court refused to change or vacate the order of approval.

Goodrich, P. J., dissenting.

Appeal from special term, Kings county.

Action by the people of the state of New York against the Anglo-American Savings & Loan Association for dissolution. From an order of the special term of the supreme court denying an application of Damon Merrill and others, stockholders of the association, for leave to intervene and to set aside an order authorizing the receivers to accept a proposal to purchase the assets, interveners appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Edward P. Lyon, for appellants.

Myer Nussbaum, for respondents Charles S. Wilbur and Edward D. Candee, receivers.

Wm. Hepburn Russell (Wm. Beverly Winslow and John E. Ruston, on the brief), for respondent Clarence A. Samson.

HIRSCHBERG, J.  An order made herein on or about February 25, 1901, authorizing and directing the receivers of the defendant the Anglo-American Savings & Loan Association to accept

a proposal made by the Empire State Realty Company to purchase certain perishable property of the association, was reversed by this court for reasons, chief among which was the fact that the plan appeared to be calculated to discriminate against and to work injustice to the nonassenting stockholders. See People v. Anglo-American Savings & Loan Ass'n, 60 App. Div. 389, 69 N. Y. Supp. 1054. Since then the realty company has presented a second proposal to purchase all the property and assets of the association other than cash on terms which have been approved by the supreme court at special term, and which the receivers have been authorized and directed by order of the court to accept. No appeal has been taken from the latter order. The appellants, as stockholders, have applied for leave to intervene as defendants in the action, and for the vacation or modification of the order referred to; and from a denial of their motion at special term this appeal is taken.

It is unnecessary to refer in detail to the differences between the two plans, nor are we called upon to determine which is the more favorable for the stockholders. The first one was condemned as unlawful, and it is sufficient to say of the second one that, after careful examination, it is not found to be obnoxious to the objections which operated to influence the action of this court on the former appeal. Indeed, the only provision in the present proposal or agreement which was urged with any force upon the argument as calculated to injure the nonassenting stockholders is the one requiring the receivers upon the receipt of the sum of $175,000 and the bond of the directors of the purchasing company to "release said directors from all claims of personal liability for anything done or omitted by them or either of them as directors, officers, or agents of said association." It may very well be that such release on the part of the receivers will deprive the nonassenting shareholders of the association of the benefit which might otherwise accrue by the enforcement of a claim by the receivers in their behalf against the directors on the ground of personal liability, but it by no means follows that the release therefore operates to the injury of such shareholders. Assuming the existence of the personal liability as an asset of the association in the hands of the receivers, the question of the effect of the release really depends upon the value of the consideration paid for it. If this is as much or greater than the amount which the nonassenting shareholders could realize by the enforcement of the liability through the action of the receivers, the former are in no wise damnified. The burden of showing such inequality rests upon the appellants, and their application is barren of proof upon that point.

The case is quite analogous in principle to the compromise of an ordinary money demand, which receivers are occasionally authorized to make by order of the court. Such compromise compels the interested parties to accept in satisfaction of their claims less than the face value thereof, yet it cannot be said to work any substantial injury when the circumstances fail to show that the sum to be paid in compromise is less than would be realized in view of the condition of the debtors. An inference of unfairness in the pro-

posed settlement is much more difficult when the demand is based upon alleged fraudulent practices, and therefore one which it may be reasonably assumed would be stubbornly resisted, and enforced, if at all, only after protracted and expensive litigation.

The appellants having failed to justify their application to have the order authorizing the sale vacated or modified, the motion for leave to intervene was properly denied. The only object of such intervention was in aid of the modification or rejection of the plan of sale, and the discretion exercised by the court at special term accords with ours on both branches of the motion.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except GOODRICH, P. J., who dissents.

GOODRICH, P. J. (dissenting). I dissent from the approval of the clause in the order which requires the receivers of the corporation to release the "directors from all claims of personal liability for anything done or omitted by them as directors, officers, or agents of said association." The receivers being the representatives of shareholders, this release by receivers might have the effect to destroy the claims and causes of action, if any, of nonassenting shareholders against the directors. I expressed similar views in my opinion on the previous appeal, and see no reason to change my mind.