If the plaintiffs had, in consequence of their failure to perform a covenant under this lease, become indebted to the corporation, which indebtedness the corporation would be entitled to offset against the claims of the plaintiffs for rent, I can see no reason why the directors, when called upon to pay the indebtedness of the corporation, should not be at liberty, as a defense to the action, to show that as a fact the corporation was not indebted to the plaintiffs for rent, for the reason that the plaintiffs had incurred obligations to the corporation under the lease which wiped out such indebtedness. It is the debt due by the corporation that is imposed as a penalty; and if the debt was subject to an offset which would have wiped out the indebtedness, so that, as between the corporation and the plaintiffs, there was nothing due, it seems to me clear that the defendants were entitled to show that fact, and that the claim of the defendant was not an existing indebtedness of the corporation when the default occurred. It is well settled that a judgment against a corporation is not evidence of the indebtedness of the corporation as against the directors, and that to recover against the directors the plaintiff must prove the debt. Allen v. Clark, 108 N. Y. 269, 15 N. E. 387. If, as a fact, no debt existed, because of the offset in favor of the corporation against the plaintiffs, there was no existing debt in favor of the plaintiffs for which the directors became jointly and severally liable.

I think, therefore, that the judgment appealed from should be modified by overruling the demurrer to the separate defense alleged in the answer of the defendant Levi J. Wing as the fifth defense, with leave to the plaintiffs to withdraw such demurrer, and with leave to the defendants to amend their answer, and, as thus modified, affirmed, without costs. All concur.

---

## BOAZ v. STERLINGWORTH RY. SUPPLY CO. et al.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. CORPORATIONS—DIRECTORS — BREACH OF TRUST — EQUITY — STOCKHOLDER'S SUIT—COMPLAINT—SUFFICIENCY.

A complaint by a stockholder against his corporation and another one alleged that the directors of each company were the same persons, and that his company owned a valuable plant, patents, etc., and had earned substantial profits, and that the directors of his company had practically surrendered all their powers to the one who was president of the corporation; that the books of account, etc., of his company had been transferred to the other corporation; and that his company intended to transfer all its profits to the other corporation without consideration. Complainant prayed to enjoin the transfer, for a restoration of the property, and for an accounting by the other corporation. *Held*, that the complaint showed such a breach of trust by the directors as constituted a good cause for equitable relief.

2. SAME—DEMAND ON DIRECTORS.

Where the officers and directors of a corporation have given the use of all its property, without consideration, to a rival, of which they are also the officers, and are about to transfer the title to the property in the same manner and without the consent of the stockholders, a stockholder may bring an action to enjoin the transfer, for a restoration of property, and for an accounting, without first demanding that the directors bring such suit.

Appeal from trial term, New York county.

Action by Charles H. Boaz against the Sterlingworth Railway Supply Company and another. From an interlocutory judgment sustaining demurrers to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Alexander Thain, for appellant.

Charles S. Marshall, for respondents.

LAUGHLIN, J. The first-named defendant is a domestic corporation, and it was incorporated in 1894. The other defendant was incorporated in the state of Pennsylvania under the same name in 1897. As their corporate names indicate, both companies are and have been engaged in carrying on the business of manufacturing and selling railroad supplies. The plaintiff is a resident of this state, and in 1896 he became the owner and holder of 80 shares of the capital stock of the New York company. He brings this action as such stockholder, in the right of the corporation, to enjoin the transfer of its property to the Pennsylvania company, for restoration by the latter company of property of the former, and for an accounting by the Pennsylvania company for rents, issues, earnings, and profits. The New York company demurred upon the grounds (1) that the plaintiff has not the legal capacity to sue, in that no demand has been made upon the company or its board of directors to bring this action, and facts excusing such demand are not alleged; (2) that there is a defect of parties defendant, in the omission of the officers and directors of the New York company concerning whose acts complaint was made; and (3) that the complaint fails to state facts sufficient to constitute a cause of action. The demurrer of the Pennsylvania company is on the third ground only. The complaint further shows that the directors and officers of both companies are the same persons; that the principal place of business of the New York company is in the city of New York; that the office and principal place of business of the Pennsylvania company is at or near Easton, Pa.; that the New York company owns valuable letters patent for various improvements in railway supplies, and an extensive plant in or near Easton, Pa., consisting of real estate, buildings, and improvements, and costly and valuable machinery, and that it has conducted and carried on its business advantageously, and has earned large and substantial profits; that "all officers and directors of both of said corporations, other than the plaintiff [it does not otherwise appear that the plaintiff is a director or officer of either, or a stockholder of the foreign corporation], reside in the state of Pennsylvania"; that since the organization of the Pennsylvania company the directors of the New York company have practically surrendered all their powers to Frank W. Coolbaugh, the president of both corporations, and have "practically served but to record" his "directions and decrees," and have "permitted him to deal with the property of the New York company as though it was his own, and as though no other person, stockholder, officer, or director had any right or interest therein; that, with the permission of the New York company, the Pennsylvania

company upon its organization took and transferred to its office in Pennsylvania the books of accounts, stock book, and seal of the former company, and has there used the same, and has had the possession and use of the New York company's letters patent and plant," without authority of law, and contrary to the consent of the stockholders of the New York company, and without consideration; that the New York company intends to transfer all its profits to the Pennsylvania company without consideration, and its officers and agents are making active preparation therefor; that the New York company has practically ceased business, and is about to close its office and allow any business that may come from large expenditures by it in advertising and in the employment of agents to be diverted to the Pennsylvania company, and the profits thereof lost to the stockholders of the New York company; that the Pennsylvania company is insolvent and unable to pay its debts; that plaintiff has requested the president and board of directors of the New York company to call a meeting of the stockholders for the purpose of laying the affairs of the company before them, but his request has been refused, and the president and board of directors, with the exception of the plaintiff, have absented themselves from the state of New York, and continue to remain away; that, by reason of the premises, plaintiff fears that the New York company will become liable for obligations incurred by the Pennsylvania company; and that the stockholders of the former company will be damaged thereby.

According to the complaint and the facts to be inferred therefrom by fair intendment, the officers and board of directors of the corporation in which plaintiff is a stockholder have given the use of all its property to a rival foreign corporation, of which they are also the officers and directors, without consideration, and are likewise about to transfer the legal title, without consideration, and without the consent of the stockholders. It is manifest that directors who would so betray their trust would not, by a mere demand and assertion of his rights on the part of a minority stockholder, be transformed into champions of the interests of the stockholders before the courts or elsewhere, or endeavor in good faith to undo the wrongs committed or in process of commission by themselves. In effect, it would be requesting them to sue themselves. Such a demand, under these circumstances, would be futile, and may well be dispensed with. Sage v. Culan, 147 N. Y. 241, 41 N. E. 513; Currier v. Railway Co., 35 Hun, 355. It is equally clear that the complaint states a good cause of action for equitable relief. The officers and directors of the New York company have been and are unfaithful to the trust reposed in them, and, as officers and directors of the Pennsylvania company, they are proceeding to absorb all the property and assets of the former company, of considerable value, which they, as its officers and directors, hold in trust. There is no merit in the demurrers, and they should have been overruled.

The interlocutory judgment should be reversed, with costs, and the demurrers overruled, with costs, but with leave to the defendants to answer upon payment of costs of the appeal and of the demurrers. All concur.