CRAIG v. JAMES et al.

(Supreme Court, Appellate Division, First Department.   April 18, 1902.)

CORPORATIONS—RIGHTS OF STOCKHOLDERS—ACTION AGAINST OFFICERS—REFUSAL OF RECEIVER TO ACT.

A stockholder can maintain an action against the officers of the corporation for negligence and breaches of trust only after demand to, and refusal of, the officers to bring such action in the name of the corporation; and a stockholder of an insolvent corporation in the hands of receivers cannot bring such an action after refusal by the receivers, where they had, by contract approved by the court, released such officers from all claims against them.

Appeal from special term.

Action by Robert Craig, suing on his own behalf and for all other stockholders of the Anglo-American Saving & Loan Association, against Thomas L. James and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Francis M. Applegate, for appellant.
David Gerber, for respondent James.
John L. Hill, for respondents Thompson and Lounsbury.
William Hepburn Russell, for respondents Hurd, Vermeule, and Gilbert.

VAN BRUNT, P. J.   This action is brought by a stockholder of the Anglo-American Saving & Loan Association, in his own behalf and in behalf of all other stockholders of said association, to recover damages resulting to the plaintiff as such stockholder on account of the negligence of the trustees and directors of such association, and also for all losses sustained by the plaintiff and other shareholders arising out of the negligence, fraud, misconduct, waste, and breaches of trust of said directors and trustees, and for such other relief in the premises as may be just. The complaint sets forth, for all practical purposes, the same state of facts in two counts

or causes of action, the effect of which is, as the plaintiff claims to show, that the corporation and its stockholders have suffered damage by reason of various breaches of trust in the management by the directors and trustees of the affairs of said association. Among other things, it is averred in the complaint that the said association is a domestic corporation, and the plaintiff a shareholder therein; that on or about the month of December, 1900, the corporation became insolvent, and, in an action brought in the supreme court by the people for its dissolution, a decree was entered on the 7th day of January, 1901, dissolving the corporation, and appointing permanent receivers for the distribution of its assets and the winding up of its affairs; and that such receivers duly qualified. The complaint further avers that, prior to the decree of dissolution, the defendants, as officers, trustees, and directors of the corporation, from January 18, 1898, to the date of its dissolution, made loans of the funds of the association to one William R. Pierce, which loans were secured by mortgages upon real estate; that the same were inadequate security, and that the loans in fact were greatly in excess of the real and true value of the property; and that losses to a very large amount resulted thereby. The complaint further avers that prior to the commencement of the action the plaintiff made a demand upon the receivers, appointed upon the dissolution, to bring an action against the defendant officers, trustees, and directors to recover damages for their acts of misconduct, waste, etc.; that the receivers refused to bring such action; and that thereupon the plaintiff made application to and obtained leave of the supreme court to bring this action, making the said receivers defendants herein. The second cause of action is practically the same, so far as the acts of the directors and trustees are concerned, except that it is averred that, instead of loans being made to Pierce upon the property secured by mortgages, the land was purchased with the funds of the association, and title thereto taken in the name of Pierce, who really acted as the agent of the association. The relief demanded in the complaint is for a decree that all of the defendants, except the receivers, be adjudged to be individually liable to the plaintiff for all losses resulting to him from the defendants', other than the receivers', negligence, fraud, misconduct, waste, and breach of trust, and that the plaintiff and his co-stockholders, who may come into the action, have judgment against the defendants for the respective amounts which, upon an accounting, they shall appear to have respectively suffered as damage in the manner aforesaid, and that such judgment provide for the manner and method of such payment, and for such other and further relief as may be just. The defendants separately demurred to the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action; that improper causes of action were joined; and that there was a defect of parties defendant. The first ground of demurrer presents the real question to be considered.

It is asserted by the appellant that the plaintiff, as a stockholder, has a distinct right to sue for a breach of trust by reason of his re-

lationship to the directors and to the property. If his contention in this regard can be sustained, then it is quite possible to uphold the present complaint. The difficulty, however, with such contention, is that the wrongs which are averred and set out in the complaint show conclusively that they are injuries to the corporation. It is the latter's property and money that have been wasted and extravagantly used, and the misconduct of its officers, directors, and trustees affects it, and not the property of the stockholders; consequently the stockholders' right to any remedy authorized by law to right the wrong is purely derivative, and is not based upon any relation of trustee and cestuis que trustent existing between the officers and directors and themselves. Alexander v. Donohoe, 143 N. Y. 203, 38 N. E. 263. Such is the rule last announced by this court when considering such subject. Niles v. Railroad Co., 69 App. Div. 144, 74 N. Y. Supp. 617. Not only is this the rule announced by the authorities, but it is true in principle. Primarily, the wrong complained of is against the corporation, which holds the title to the property injured, and, like a natural person, is the real entity which suffers thereby. If the stockholder, as such, can maintain an action to redress such wrong, then it must follow that a right of action is given to a person not the owner of the property, and who does not suffer by the wrong. It also necessarily follows that distinct and independent parties have the inherent legal right to redress a wrong which, in the eye of the law, is only suffered by one. We know of no principle of law which enables it to be said that a cause of action against a wrongdoer is vested at one and the same time in the corporation and also in the stockholder. In a sense it may be that a trustee and director of a corporation is a quasi trustee for the stockholders; but this is only so because the stockholder is ultimately interested in the property of the corporation. Primarily, however, the directors and trustees are the managers of the corporation, and its interests are the subject of their care. It not unfrequently happens that a stockholder is distinctly inimical to the well-being of the corporation. The directors, therefore, in the management of its affairs, represent the corporate, and not the stockholders', interest therein. Such being the relation between the director, corporation, and stockholder, it necessarily follows that the rights and remedies of the corporation are primary, and those of the stockholders are incidental and secondary; and for wrongs committed against the corporation it is the right of the former to redress the same. In the nature of things, the rights of both cannot be equal respecting such matter. It is well-settled law that a stockholder cannot bring an action to redress the wrong inflicted upon a corporation until he has made a demand upon the corporate authorities to bring the action, and they have refused, or unless a state of facts is averred from which it appears that such demand would be clearly unavailing. In the absence, however, of the latter condition, the stockholder, as an integral part of his cause of action, must aver and prove the demand and refusal, or the circumstances which excuse it. Flynn v. Railroad Co., 158 N. Y. 493, 53 N. E. 520. It seems clear to us, therefore, that this action may

not be maintained upon any theory of inherent right in the stock-holder by reason of his relation to the officers and directors as such. His right in this respect is derivative, and must come in some form through the refusal or inaction of the corporate authorities charged with the primary obligation. The corporation having been dis-solved by proper decree of the court, and receivers appointed, it nec-essarily follows that such receivers became vested with all of the authority possessed by the corporation, so far as a redress of its wrongs is concerned, and the right to bring this action undoubtedly became vested in them. Bosworth v. Allen, 168 N. Y. 157, 61 N. E. 163. It seems clear, also, that the plaintiff, as a stockholder, would be invested with a cause of action upon failure of the receivers to bring an action to redress the wrong averred in this complaint. It is alleged therein that such demand was made upon these receivers after their appointment, and before the commencement of this ac-tion, and that they refused to bring such action; that thereupon the plaintiff made application to the court for leave to bring the same, and make the receivers parties defendant, which leave was granted. So far, therefore, as this cause of action is concerned, as is averred in the two counts of this complaint, it would seem that a good cause of action was alleged for the misconduct of the di-rectors and trustees, and that the plaintiff, by proper demand upon those charged with the duty of proceeding against the defendant directors, and by leave of the court, properly comes before this court, and is possessed of the right to maintain this action, so far as the averments we have hitherto considered are concerned.

By the tenth paragraph of the complaint, however, it is averred that the receivers of the association have entered into a contract, which is attached to the complaint and made a part thereof, which contract, it appears, has received the approval of the court, and by direction thereof the receivers have executed the same in accord-ance therewith. By this contract all the property and assets of the corporation, except cash on hand, were taken over from the receivers by the Empire State Realty Company, and the defend-ants the trustees, officers, and directors of the corporation, being the same persons now sought to be charged with liability, were re-leased from all personal claims or demands which existed against them as directors of the said corporation, and for any and all acts done by them as such directors. It was undoubtedly competent for the receivers, acting in good faith, to settle with and release the lia-bility of the directors to the corporation, and such release, if it received the sanction of the court, would be legal and binding. It appears that this contract was presented to the court, received its approval, and its terms were authorized by the court to be carried out by the receivers. Upon appeal such direction by the court was confirmed. People v. Anglo-American Savings & Loan Ass'n, 66 App. Div. 9, 72 N. Y. Supp. 1021. It is quite clear that, after this ratification by the court of the acts of the receivers, they would be estopped from maintaining any action against the directors to enforce a liability from which, by their contract with the receivers, they were released.

In the present state of this pleading it appears by affirmative averment that the derivative right in the plaintiff to maintain this action comes through the receivers. As we have already seen, whatever right existed in the corporation to enforce liability against the directors became vested in the receivers upon their appointment; consequently the plaintiff, before he could bring an action as a stockholder, was required to make the demand upon the receivers. At the time he made such demand, the receivers had no cause of action, because they had prior thereto released the same by virtue of the contract with the Empire State Realty Company and the order of the court based thereon. The plaintiff has and can acquire no rights in addition to those possessed by the receivers, and as they can maintain no action, in the absence of fraud and bad faith, it necessarily follows that the stockholders can maintain none, in consequence of which the demurrers were properly sustained, and the judgment entered thereon should be affirmed, with costs, with leave to the plaintiff to plead over within 20 days upon the payment of costs in this court and in the court below.

PATTERSON, INGRAHAM, and McLAUGHLIN, JJ., concur. HATCH, J., taking no part.