ants. They are, however, proper parties to the action, and although, so far as appears, they may have acted innocently, the minority stockholders, neither having assented to the arrangement nor having done anything to estop them from demanding an accounting for mismanagement, are entitled to such an accounting even against the directors who may have acted in good faith, for the reason that it is manifest that it was not a mere temporary arrangement, such as it was intimated in Denike v. N. Y. & R., Lime & Cement Co., 80 N. Y. 599, 606, might be legal, but one by which the entire property, including the good will of the Diamond Company, was turned over to the management of a rival company, without any restrictions or limitations for the protection of the stockholders. The arrangement was clearly ultra vires (People v. Ballard, supra), and a constructive fraud upon the stockholders of the Diamond Company. The Diamond Company virtually suspended the functions for which it was incorporated, and of this any of the stockholders who were not parties to the arrangements, or the state, might complain, and demand a restoration. People v. Ballard, supra. The directors, therefore, may be required to account; but, for the reasons stated, costs should not be imposed against the three directors last named. Although there is no demand for the removal of the directors or the election of others in their stead, the court in these circumstances acquired jurisdiction to appoint a receiver (Code Civ. Proc. § 1810, subd. 1; Halpin v. Mutual Brewing Co., 91 Hun, 226, 227, 36 N. Y. Supp. 151); and, if it shall become necessary, the directors may hereafter be removed, and others appointed in their place (Code Civ. Proc. § 1781).

The exceptions taken upon the trial and the other points raised by the appellant have been examined, but we think they do not present reversible error, or merit special discussion.

It follows, therefore, that the interlocutory judgment should be modified by eliminating the provision awarding costs against the defendants Kingsley, Barnes, and Tuska, and, as thus modified, it should be affirmed, with costs against the appellants other than Kingsley, Barnes, and Tuska. All concur; INGRAHAM, J., in result.

---

(94 App. Div. 383.)

LOEWENSTEIN et al. v. DIAMOND SODA WATER MFG. CO. et al.

(Supreme Court, Appellate Division, First Department. May 20, 1904.)

1. CORPORATIONS—FRAUD OF DIRECTORS—STATUTORY ACTION—COMMON-LAW
    ACTION—SIMULTANEOUS COMMENCEMENT.
        Code Civ. Proc. §§ 1781, 1782, in effect provide that a director of a corporation may bring an action against one or more of the directors for an accounting for their official misconduct for the transfer of property, etc. *Held*, that an action by the stockholders of a corporation on behalf of themselves and all other stockholders against the corporation and its directors for an accounting for the fraud of the directors, for the setting aside of a mortgage given by them, etc., was not dismissible because there had been commenced at the same time an action for the same relief by a director proceeding under the statute, though the parties plaintiff were closely related and their interests in the subject-matter were similar, and though the director who brought the statutory action was joined as a plaintiff in the stockholders' action.

2. TRIAL—SIMILARITY OF ISSUES—PRACTICE.

The trial of the issues in the action by the stockholders should have been deferred by stipulation or order until the determination of the other action.

3. SAME—STOCKHOLDER'S ACTION—COSTS.

Where the stockholders of a corporation sued for the setting aside of a mortgage and the cancellation of bonds secured thereby, which had been issued as a part of a scheme for the transfer of the property of the corporation to another corporation, and it appeared that such plaintiffs had not had any objection to the turning over of the corporation and its property if their terms of the sale of their stock had been granted, and one of the plaintiffs had remained a director of the corporation, and it did not appear that he had objected to a lease of the offices and factory of the corporation to its rival, the plaintiffs should not have been awarded costs after issue joined.

4. SAME—COSTS ON APPEAL.

Plaintiffs were not entitled to costs on appeal.

5. CORPORATIONS—CONTRACTS BETWEEN CORPORATIONS—SUIT BY STOCKHOLDERS—FAILURE TO REQUEST ACTION BY DIRECTORS.

Where a corporation was controlled through its directors by a rival corporation, it was not necessary for the stockholders of the former, in order to maintain a suit for the cancellation of contracts between the corporations on the ground that they were fraudulent as to their corporation, to first request action on the part of the directors.

6. CORPORATIONS—INJURY TO STOCK—ACTION BY STOCKHOLDERS.

Where the conduct of the directors of a corporation has not caused any damage to the stock, as contradistinguished from damage to the property of the corporation itself, the stockholders may not, in their individual capacities, recover for damages to their stock; any cause of action belonging to the corporation itself.

7. SAME—INJURY TO STOCK—JOINDER OF PLAINTIFFS.

Several persons who own stock in a corporation in severalty cannot join in an action against the directors for damages to their stock owing to the fraud of defendants.

Appeal from Special Term.

Action by Max Loewenstein and others against the Diamond Soda Water Manufacturing Company and others. From a judgment in favor of plaintiffs, all the defendants except the City Trust Company appeal. Affirmed.

The other action referred to in the opinion was brought by one Jacobus against the Diamond Soda Water Manufacturing Company and others (88 N. Y. Supp. 302), under Code Civ. Proc. §§ 1781, 1782, against the directors of the corporation, for the cancellation of a mortgage executed by the directors, etc.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Lee G. Rosenblatt, for appellant Diamond Soda Water Mfg. Co. and its directors.

Charles L. Kingsley, for appellant American Mineral Water Mach. Co. and its directors.

Benjamin Tuska, for appellants Riglander & Rothschild.

Eugene Treadwell, for respondents.

LAUGHLIN, J. The plaintiffs bring this action, in behalf of themselves and all other stockholders of the Diamond Soda Water Manufac-

turing Company similarly situated, for substantially the same relief as is demanded in the action by Jacobus, as director of the Diamond Company, against the same parties and Louis Strauss, whose appeal therein was argued herewith. By stipulation the two actions were tried together, and the testimony in each is the same. The decision and interlocutory judgment in this action decrees the same relief as is awarded in the other action, with the exception that, on account of the appointment of the receiver in the director's action, none has been appointed here, and the defendants are not required to account in this action for the things concerning which they are required to account in the other, but all of the individual defendants are herein required to account to the respective plaintiffs individually for all damages sustained by depreciation in value or injury to the capital stock held by them respectively in the Diamond Company, caused by the unlawful and fraudulent management of its affairs by the defendants or either of them. This accounting is directed to be had before the referee appointed in the other action, and costs are awarded against all defendants except the Diamond Company and the City Trust Company, but not an extra allowance. It is therefore unnecessary to discuss in this opinion the questions that have been considered and decided in the other action, for, in so far as the questions are the same, the other opinion will be followed and applied.

The appellants moved to dismiss the complaint at the close of the plaintiffs' case and at the close of the evidence, upon the ground that the director's action, commenced simultaneously herewith, is a bar, or that it rendered this action unnecessary; and they excepted to the denial of their motion. Of course, the other action is not a bar, for it is not brought by the same parties nor in the same right. It is a statutory action by a director, while this action is founded upon a rule of equity which authorizes a stockholder to maintain an action in the right of the corporation where the directors or trustees refuse upon demand to bring the action, or where the circumstances excuse a demand upon the ground that it would be futile. It is true the attorneys for the plaintiffs are the same in both actions, the parties plaintiff are closely related by blood or marriage, and their private interests in the subject-matter of the litigation are similar. The stockholders, however, were not obliged to await the determination of the director's action, for by so doing the statute of limitations might have barred an action by them. Nor is the question affected by the fact that the director who brought the other action joined with these plaintiffs as a stockholder. His right to maintain the other action depended upon his being a director, and upon proof of waste or mismanagement. The other plaintiffs in this action were not joined in the director's action, nor was it essential that they should be. They had no voice in the conduct of that action, and it might have been discontinued in disregard of their protests. If conducted to a successful determination, their claims, so far as they are based on the rights of the corporation, would have been protected as well there as here; and it is for that reason that the court, upon the decision of the issues, very properly decreed all the relief to which the corporation was entitled in the director's action, without requiring any accounting in its behalf in this. It would seem, however,

as though it was unnecessary to put the defendants to the trouble and expense, or to impose upon the court the burden of trying both actions. We think the trial of the issues in this action should have been deferred by stipulation or order of the court until the determination of the other. The plaintiffs, as stockholders, have a standing to maintain this action, but their conduct does not commend itself to the court. They do not appear to have had any objection to turning over the management of the Diamond Company to other hands, or even to putting it under the control of a rival corporation, if their terms of sale of their stock had been acceded to. The plaintiff Jacobus remained a director of the Diamond Company. He does not appear to have objected to the resolution of the board of directors authorizing the president to lease part of the offices and factory to the American Company, or to have protested against the relations subsequently established between the two companies. Nor does it appear that the other plaintiffs made any objection thereto prior to the commencement of this action. For these reasons we think the plaintiffs should not have been awarded costs after issue joined, nor should they be awarded costs of the appeal.

The appellants also duly moved for a dismissal of the complaint at the opening, at the close of the plaintiffs' case, and at the close of all the evidence, upon the ground that no demand upon the board of directors of the Diamond Company to bring this action, or facts or circumstances excusing demand and showing that it would have been futile, were alleged or shown, and they excepted to the denial of the motions. The facts stated in our other opinion show that the Diamond Company is dominated and controlled by the American Company, a rival corporation engaged in the same line of business. The contracts made and relations established between the Diamond Company and the American Company were made and established by the directors, who were such at the time of the commencement of this action. The relief demanded and awarded is the cancellation of the contracts between the companies, the severance of their relations, and an accounting to the Diamond Company for the damages sustained by those contracts and relations which the directors made, established, or ratified, and the execution and continuance of which they permitted. It is not likely that directors would in these circumstances have voluntarily canceled the contracts and severed such relations, and it is not probable that they would have authorized the company to institute an action against themselves to account for mismanagement of its affairs. We are of opinion, therefore, that the facts alleged and shown excuse the demand. Craig v. James, 71 App. Div. 238, 75 N. Y. Supp. 813; Flynn v. Brooklyn City Realty Company, 158 N. Y. 493, 53 N. E. 520; Greaves v. Gouge, 69 N. Y. 154; Boaz v. Sterling Worth Railway Supply Co., 68 App. Div. 1, 73 N. Y. Supp. 1039; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513.

In so far as the interlocutory judgment decrees that the plaintiffs in their individual capacities are entitled to recover for damages to their stock, we think it is unauthorized. There are cases in which an individual stockholder may maintain an action in his own right to recover damages to his stock, and some of them are pointed out in the case of Niles v. N. Y. C. & H. R. R. R. Co., 69 App. Div. 144, 74 N. Y. Supp.

617, affirmed 176 N. Y. 119, 68 N. E. 142; but this case falls within the rule, declared in the Niles Case, that where there has been no damage to the stock, as contradistinguished from the damage to the property of the corporation itself, the cause of action belongs to the corporation, and redress may only be had through it or in its right. The depreciation in the value of the stock owned by the plaintiffs, if any, was caused by the injury to the corporation, for which it alone, or a stockholder or director suing in its right, may recover. Moreover, the plaintiffs own stock in severalty, and therefore could not join in an action to recover any damages they may have sustained individually, and this should not be considered such an action.

It follows, therefore, that the interlocutory judgment should be modified by striking out subdivision 4 thereof, which directs an accounting to the plaintiffs in their individual right, and by excluding from the award of costs all costs after issue joined, and, as thus modified, the interlocutory judgment should be affirmed, without costs. All concur; INGRAHAM, J., in result.