CHARLES H. KAVANAUGH, Who Sues on Behalf of Himself and All Other Stockholders of the COMMONWEALTH TRUST COMPANY OF NEW YORK (Formerly the TRUST COMPANY OF THE REPUBLIC) Who Are Situated Similarly with Himself, Appellant, *v.* COMMONWEALTH TRUST COMPANY OF NEW YORK and Others, Defendants, Impleaded with CHARLES W. WETMORE and CHARLES F. BROOKER, Respondents.

*Action by a stockholder to recover for the mismanagement of the business of the corporation by its directors — what refusal by the corporation itself to enforce such liability is insufficient to authorize the stockholder's action.*

Where, in consequence of the negligence or carelessness of the directors of a corporation in the performance of their duties, the property and funds of the corporation are mismanaged and wasted to the pecuniary loss of the corporation, the right of action resulting therefrom vests primarily in the corporation and a stockholder thereof cannot maintain a suit on behalf of the corporation to enforce such right of action, unless the corporation fails to perform its duty to itself prosecute the action.

Such a breach of duty on the part of the corporation may be shown by an express refusal on the part of the corporation to commence the action, or by such an unreasonable neglect and failure on the part of the corporation to bring the action as amounts to a refusal.

The question as to what is a reasonable delay on the part of the corporation in commencing the action is dependent upon the circumstances, the importance of the matter under consideration, and the amount of work necessary to be done before proceeding with the action.

The complaint in an action brought by a stockholder to enforce such a cause of action should allege a demand and an express refusal on the part of the corporation to bring the action or facts excusing the plaintiff from the necessity of making such demand or such other facts as warrant the conclusion that the corporation's neglect and failure to bring the action after demand was so unreasonable as to amount to a refusal to act.

A complaint in an action brought by a stockholder alleging, " That before the commencement of this action, the plaintiff duly served upon the said Commonwealth Trust Company of New York a demand that it should bring an action against the individual defendants herein, for the purpose of recovering from the other defendants the sums lost to said Company by reason of their negligence, but said Trust Company has wholly omitted and failed to bring said action, and the plaintiff, therefore, brings the same for himself and all other stockholders of said Company, as hereinbefore stated," does not sufficiently allege a breach by the corporation of its duty to prosecute the action and such complaint is, therefore, demurrable.

APPEAL by the plaintiff, Charles H. Kavanaugh, who sues on behalf of himself and all other stockholders of the Commonwealth Trust Company of New York (formerly the Trust Company of the Republic) who are situated similarly with himself, from an interlocutory judgment of the Supreme Court in favor of the defendants Wetmore and Brooker, entered in the office of the clerk of the county of Saratoga on the 13th day of December, 1904, upon the decision of the court, rendered after a trial at the Saratoga Special Term, sustaining the said defendants' demurrers to the plaintiff's complaint.

This action is brought by the plaintiff, as a stockholder of the defendant the Commonwealth Trust Company of New York, alleging that the individual defendants, the directors of said corporation, failed to perform their duties as such directors and were so negligent and careless in the performance of their duties as such that the funds of the corporation were mismanaged and wasted and that said corporation suffered great loss thereby and the value of its stock was greatly reduced, and the plaintiff demands that "the loss sustained by the defendant Commonwealth Trust Company of New York, by reason of the wrongful acts and negligence of the other defendants herein, be ascertained and determined; that the defendants other than said Commonwealth Trust Company of New York, be directed to pay said sums severally to the defendant the Commonwealth Trust Company of New York, and that judgment therefor be entered against them in favor of said Commonwealth Trust Company of New York."

The plaintiff also alleges: " That before the commencement of this action, the plaintiff duly served upon the said Commonwealth Trust Company of New York a demand that it should bring an action against the individual defendants herein, for the purpose of recovering from the other defendants the sums lost to said Company by reason of their negligence, but said Trust Company has wholly omitted and failed to bring said action, and the plaintiff, therefore, brings the same for himself and all other stockholders of said Company, as hereinbefore stated."

The respondents severally demurred to the complaint upon the ground that it appears on the face thereof "That the complaint does not state facts sufficient to constitute a cause of action against this defendant."

*Edgar T. Brackett,* for the appellant.

*William J. Curtis, Francis D. Pollak* and *Sullivan & Cromwell,* for the respondents.

CHASE, J.:

The rules adopted in this State relating to corporate management, and the right of stockholders to sustain an action in their names, but in behalf of the corporation of which they are stockholders, have been frequently stated by the courts.

In *Flynn* v. *Brooklyn City R. R. Co.* (158 N. Y. 493) the court say: "As a general rule courts have nothing to do with the internal management of business corporations. Whatever may lawfully be done by the directors or stockholders, acting through majorities prescribed by law, must of necessity be submitted to by the minority, for corporations can be conducted upon no other basis. All questions within the scope of the corporate powers which relate to the policy of administration, to the expediency of proposed measures, or to the consideration of contracts, provided it is not so grossly inadequate as to be evidence of fraud, are beyond the province of the courts. The minority directors or stockholders cannot come into court upon allegations of a want of judgment or lack of efficiency on the part of the majority and change the course of administration. Corporate elections furnish the only remedy for internal dissensions, as the majority must rule so long as it keeps within the powers conferred by the charter.

"To these general rules, however, there are some exceptions, and the most important is that founded on fraud. While courts cannot compel directors or stockholders, proceeding by the vote of a majority, to act wisely, they can compel them to act honestly, or undo their work if they act otherwise. Where a majority of the directors or stockholders, or both, acting in bad faith, carry into effect a scheme which, even if lawful upon its face, is intended to circumvent the minority stockholders and defraud them out of their legal rights, the courts interfere and remedy the wrong. Action on the part of directors or stockholders, pursuant to a fraudulent scheme designed to injure the other stockholders, will sustain an action by the corporation, or, if it refuses to act, by a stockholder in its stead for the benefit of all the injured stockholders."

It was said in *Robinson* v. *Smith* (3 Paige, 222) and repeated in *Brinckerhoff* v. *Bostwick* (88 N. Y. 52) that: " The directors of a joint stock corporation who wilfully abuse their trust or misapply the funds of the company, by which a loss is sustained, are personally liable as trustees to make good that loss, and they are also liable if they suffer the corporate funds to be lost or wasted by gross negligence and inattention to the duties of their trust."

It is further said in *Flynn* v. *Brooklyn City R. R. Co. (supra)*: " The right of action, however, belongs to the corporation and should be brought by it as plaintiff, but when it will not bring the suit itself, an aggrieved stockholder, after due demand and a refusal, or unreasonable neglect to proceed, may bring it in his own name upon making the corporation a party defendant. (*Greaves* v. *Gouge*, 69 N. Y. 154.) Such an action is not for the benefit of the plaintiff alone, but is representative in character and for the benefit of himself and all other stockholders similarly situated."

This court in *Hanna* v. *People's National Bank* (76 App. Div. 224) said : " In case of loss to a corporation, through the culpable misconduct of its directors, a cause of action exists in favor of the corporation, and, in case of refusal of such corporation to bring the action or in case the wrongdoers are in control of the corporate management such action may be prosecuted by a stockholder ; but the cause of action does not belong to the prosecuting stockholder ; it still belongs to the corporation and the judgment in such case is in effect a judgment in favor of the corporation. The cause of action is a corporate asset ; it is a substitute for the corporate loss through the directors' misconduct and in law makes good such loss to the corporation. When such cause of action is reduced to money it must necessarily go back to the treasury of the corporation to be disposed of like any other corporate asset." (See, also, *Craig* v. *James*, 71 App. Div. 238.)

The claim against the individual defendants is a corporate asset and the right of action is primarily in the corporation. The plaintiff's right to maintain this action is derivative and wholly based on the failure of the corporation to do its duty in prosecuting an action to recover corporate assets. The breach of duty must be shown by an intentional determination by the corporation not to bring the action. Such determination can be shown by an express refusal on

the part of the corporation to commence the action. It may frequently occur that a corporation will neither refuse to commence the action nor proceed to act. A determination not to commence the action can be reached without giving expression to such determination, and the failure to give expression to its determination should not affect the right of stockholders to proceed in behalf of the corporation. The breach of duty is not necessarily dependent upon any expression of purpose by the corporation.

Where a corporation so unreasonably neglects and fails to bring an action that such neglect and failure amounts to a refusal to act the breach of duty which must be shown before an action is commenced by a stockholder will be established as if an express refusal to act had been shown. A matter of sufficient importance to demand an action in the name of the corporation or by a stockholder or stockholders in its behalf to recover corporate assets, lost or in danger of being lost by the fraud or neglect of its officers and agents, would require consideration followed by appropriate official or corporate action and the preparation of papers before an action could be commenced. What would be an unreasonable delay by the corporation after a demand that an action be commenced would vary in nearly every case. It might be a very short or a comparatively long time according to the circumstances and the importance of the matter under consideration and the amount of work necessary to be done before proceeding with the action. The determination of a corporation as to whether it will or will not bring an action to recover corporate assets is quite different from the determination of a person as to whether he will or will not pay an indebtedness when the same is due and payable and demand is made therefor. The refusal now under consideration is a definite deliberate act and exercise of judgment. If the defendants in this case should admit the allegations of the complaint so far as the same relate to the question of a demand and the neglect of the corporation to act thereafter, no issue would remain relating thereto upon which to offer testimony, and a finding in the language of the complaint would not be sufficient to sustain a judgment in favor of the plaintiff. The complaint should allege a demand and express refusal to bring the action, or facts which excuse the plaintiff from making such a demand, or such other facts as will warrant the conclusion that the

corporation's failure and neglect to bring the action after demand is so unreasonable as to amount to a refusal to act.

All of the authorities in this State, so far as they have been called to our attention, sustain this conclusion. (*Leslie* v. *Lorillard,* 31 Hun, 305; *Greaves* v. *Gouge, supra*; *Brinckerhoff* v. *Bostwick, supra*; *Flynn* v. *Brooklyn City R. R. Co.,* 9 App. Div. 269; S. C., *supra; Fitchett* v. *Murphy,* 46 App. Div. 181; *Craig* v. *James, supra; Loewenstein* v. *Diamond Soda Water M. Co.,* 94 App. Div. 383.)

The interlocutory judgment should be affirmed, with costs, with leave to the plaintiff to serve an amended complaint on payment of the costs in this court and in the court below.

All concurred.

Interlocutory judgment affirmed, with costs, with leave to plaintiff to serve an amended complaint on payment of costs in this court and in the court below.