HACKETT et al. v. NORTHERN PAC. RY. CO.

(Circuit Court, S. D. New York. August 29, 1905.)

1. CORPORATIONS—ACTION BY STOCKHOLDER—SUFFICIENCY OF COMPLAINT.

The complaint, in an action against a corporation to enforce rights as a preferred stockholder, must allege facts showing what the rights of such stockholders are under the contract made by the issuance of the stock. A mere allegation that plaintiff is a preferred stockholder states a conclusion of law, and is insufficient.

2. ACTION—MISJOINDER OF PLAINTIFFS—SEVERALTY OF INTERESTS.

An action at law against a corporation to recover damages alleged to have been sustained by plaintiffs as stockholders cannot be maintained jointly by owners of stock in severalty, nor can such an action be severed.

Demurrer to complaint on grounds that cause of action is not stated, and that there is misjoinder of parties plaintiff and of causes of action.

William H. Cochran, for plaintiffs.

Stetson, Jennings & Russell, Francis Lynde Stetson, and Winfred T. Denison, for defendant.

HAZEL, District Judge. The complaint does not allege a cause of action against the defendant, in that it does not apprise the court of whether the plaintiffs in fact are owners and holders of preferred stock in the defendant corporation. True, it alleges that plaintiffs purchased shares of preferred stock, and at the time complained of were the owners and holders of such shares, and the certificates thereof, but the agreement under which such stock was issued is not set forth. The mere assertion that plaintiffs bought preferred stock lacks specificness and is a conclusion of law. The character of the certificate and the relative rights established by its issuance must be alleged. As was stated in Henry v. Great Northern Ry. Co., 1 DeG. & J. 636:

"The expression 'preference shareholder' is equivocal. It by no means clearly indicates what are the rights of those to whom it applies. * * * All which the language fairly imports is that some preference is given to the person to whom the language applies. How far the preference is to extend must be ascertained by other media than the mere expression itself."

The right of the corporation to legally issue preferred stock is ascertained from its charter and by-laws and the acts of its directors. The authorities uniformly hold that the issuance of preferred stock, by which a privilege not ordinarily possessed by a holder of common stock is given, is purely a matter of contract. Hence, as stated the allegation mentioned that plaintiffs bought preferred stock is of doubtful legal effect, and their rights must be determined by the intendment of the stock certificate. 1 Cook on Corporations, § 269; Storrow v. Texas Assn., 87 Fed. 612, 31 C. C. A. 139; Heller v. Bank, 89 Md. 610, 43 Atl. 800, 45 L. R. A. 438, 73 Am. St. Rep. 212; Hackett v. Northern Pacific Ry. Co., 36 Misc. Rep. 583, 73 N. Y. Supp. 1087; Weidenfeld v. Northern Pacific Ry. Co., 129 Fed. 305, 63 C. C. A. 537; Warren v. King, 108 U. S. 389, 2 Sup. Ct. 789, 27 L. Ed. 769.

The complaint is also defective on the grounds that there is a misjoinder of parties plaintiff and of causes of action. Counsel for plaintiffs does not seriously dispute that the stock was owned in severalty by the firm of Wolf Bros. & Co. and the plaintiffs Chase and Hackett. The damages, if any were sustained, are recoverable by the partnership and the other plaintiffs as individuals. No community of interest between the parties is claimed to exist; therefore, no joint cause of action for recovery upon the stock held by plaintiffs can be maintained. Loewenstein v. Diamond Soda Water Co., 94 App. Div. 383, 88 N. Y. Supp. 313; Summerlin et al. v. Fronteriza, etc., Co. (C. C.) 41 Fed. 249; Frishmuth v. F. L. & T. Co. (C. C.) 95 Fed. 5; Hale v. Allinson, 188 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed. 380.

Plaintiffs contend that, inasmuch as the parties are before the court, this action may be severed and the defendant required to answer (citing Keary v. Mutual Reserve Fund Life Assn. [C. C.] 30 Fed. 359); but, as there is no unity of interest in the subject-matter involved, the ruling in the case to which attention is directed does not apply.

Other questions and additional errors of pleading need not be considered.

The demurrer is sustained, and the complaint dismissed, with costs.