WEBER v. WALLERSTEIN et al.

(Supreme Court, Appellate Division, Fourth Department. March 7, 1906.)

1. CORPORATIONS—STOCKHOLDERS' ACTIONS—FRAUD—DIVERSION OF CORPORATE ASSETS—PROCEDURE.

Where all the directors and officers of a corporation and the stockholders who were known to plaintiff were charged with active participation in a fraudulent scheme by which the corporate assets had been dissipated and appropriated by defendants, it was unnecessary, in an action by a stockholder to recover the assets for the benefit of all the stockholders, to allege the refusal of the corporation, on demand, to commence the action, or that it had unreasonably neglected to commence such action.

**2. SAME—PLEADING—COMPLAINT—SUFFICIENCY.**

A complaint by a stockholder, in an action against a corporation and its officers and other stockholders, alleged that a creditor of the corporation was fraudulently induced to commence voluntary bankruptcy proceedings against the corporation; that thereupon a temporary receiver was appointed, the object of the receivership being to enable defendant stockholders to control and manage the assets and business of the corporation, and for the further purpose of securing an unfair adjustment with its creditors, and to thereby enable the chief stockholders ultimately to acquire the assets remaining after the compromise had been satisfactorily arranged; that the exact condition of the assets of the corporation was fraudulently concealed from its creditors, certain of its creditors being induced to accept 50 cents on a dollar in full payment of their debts; that to effect the compromise and settlement plaintiff's stock was transferred to one of defendants as trustee; and that after the compromise was accomplished the value of the assets remaining out of those fraudulently transferred to certain of defendants was more than sufficient to pay all the first preferred stock, including that held by plaintiff. *Held*, that the complaint sufficiently complied with the requirement that in an action commenced by a stockholder the complaint must allege substantially the same facts which would be pertinent in an action by the corporation itself.

**3. SAME—REMEDIES—BANKRUPTCY PROCEEDINGS.**

Where, in an action by a stockholder against a corporation, its officers, directors, and other stockholders to recover for the benefit of the corporation and its stockholders corporate assets alleged to have been fraudulently diverted, it appeared that a proceeding in bankruptcy was instituted in another state against the corporation for the purpose of disposing of its assets for the benefit of creditors; that on their payment the proceeding was terminated; and that there was no officer in such other state on whom process might be served and no assets therein to confer jurisdiction on any of its courts—there was no remedy available to plaintiff through such bankruptcy proceeding.

**4. SAME—PARTIES—MISJOINDER OF CAUSE OF ACTION.**

Where a complaint, in an action by a stockholder against a corporation, its officers, directors, and other stockholders to recover for the benefit of the corporation and its stockholders corporate assets alleged to have been fraudulently diverted, in pursuance of a fraudulent scheme on the part of defendants to despoil the company of its property, the fact that certain of defendants to whom the corporate assets were alleged to have been fraudulently transferred, and who were charged with joining with other defendants to despoil the company of its property, were not stockholders of the corporation, did not render the complaint objectionable for improper joinder of causes of action.

**5. SAME—PROPER PARTIES.**

Where a complaint, in an action by a stockholder against a corporation, its officers, and other stockholders to recover for the benefit of the corporation and its stockholders corporate assets alleged to have been wrongfully diverted, averred that plaintiff's stock, together with other stock, was transferred to one of defendants as trustee, under fraudulent representations that such transfer was for the purpose of paying creditors only, and that the stock was so acquired by such defendant as trustee in pursuance and as a part of a fraudulent scheme between such trustee and other defendants to acquire control of the corporate assets, etc., he was a proper party defendant.

Appeal from Trial Term, Oneida County.

Action by Henry Weber against Edward Wallerstein and others. From an interlocutory judgment for defendants, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Edwin H. Risley, for appellant.

Theodore Baumeister, for respondents Wise and Regent Shirt Co.

Frank Gardner, for respondents Wallerstein and others.

SPRING, J. The allegations of the complaint are numerous. and verbosely stated. We shall confine ourselves to culling such as we deem essential to a comprehension of the only cause of action maintainable, and it is difficult, with that purpose in view, to compress the statement within reasonable compass.

A corporation known as Edward Wallerstein & Co. was duly incorporated in the state of Michigan in August, 1900. Its capital stock was $300,000, consisting of first and second preferred and common. The large majority of the stock was held by the defendants Alfred and Edward Wallerstein individually and as trustees and by the defendant George Bruck. The plaintiff became the owner of $3,000 of the first preferred stock of the corporation. The complaint alleges that he was fraudulently induced to accept this stock, but the allegation is unimportant, for he has no standing at all to maintain the action unless he is a stockholder of this corporation. The corporation carried on its business in the state of Michigan until 1903. It also did business in the city of Chicago under the trade name of the Regent Shirt Company, but there was no organization or corporate entity to this offshoot of the Wallerstein Company. In 1903 a creditor of the corporation was fraudulently induced to commence involuntary bankruptcy proceedings to have the corporation adjudged a bankrupt. An answer to the petition was "wrongfully filed," and at the instance of said Wallersteins a temporary receiver was appointed. The object of the receivership was to enable the Wallersteins to control and manage the assets and business of the corporation, which they did, and with the further purpose of securing an unfair adjustment with the creditors of the corporation. The purpose of this adjustment was to enable chief stockholders and their friends ultimately to acquire the assets which would remain after the compromise had been satisfactorily arranged. . The defendants Wise were copartners in New York City carrying on business in the name of Wise Bros., and were creditors of the Wallerstein Company from $20,000 to $30,000. Irwin Wallerstein and Leo Steifel had become stockholders of the Wallerstein corporation, and the charge is that these two stockholders, with Alfred and Edward Wallerstein, entered into a conspiracy with Wise Bros. whereby the latter were to induce the creditors of the corporation to accept in full payment of their several debts 50 cents on the dollar. In order to accomplish this purpose the exact condition of the assets of the corporation was concealed from its creditors, and they were all turned over to Wise Bros., who by the fraudulent scheme were to receive full payment for their claim, and additional compensation for services rendered in abetting the project. In order to consummate the design, the stockholders, who were participants in the conspiracy, transferred their stock to the defendant Knopf,

as trustee, who was privy to the scheme. The plaintiff, believing the transaction was honest and for the best interests of all parties concerned, transferred his stock by blank indorsement to Dana H. Benjamin, who was the son-in-law of the plaintiff and a stockholder of the corporation owning second preferred stock of the par value of $5,100. Benjamin, with like belief apparently in the integrity of the proposed adjustment, assigned his own and the plaintiff's stock to Knopf. The compromise was effected, except that one or two favored creditors were paid in full. The bankruptcy proceedings were discontinued after the liquidation of the debts of the corporation, and no trustee was ever appointed.

The complaint further charges that, after this compromise was accomplished, the value of the assets remaining of those fraudulently transferred to Wise Bros. was more than sufficient to pay all the first preferred stock of said corporation, and which included that issued to the plaintiff, and also substantially all of the second preferred of which Benjamin's formed a part. Benjamin subsequently assigned to the plaintiff his interest in the stock originally issued to the plaintiff, and also the $5,100 owned by him and all his rights of actions connected therewith. To carry out the original fraud, Benjamin was induced by fraudulent representations to enter into an agreement with Alfred and Edward Wallerstein, Bruck and Knopf for a division of the assets of the corporation, the greater part of which was to be owned by the defendants, or some of them. The defendant the Regent Shirt Company was incorporated in August, 1903, pursuant to the laws of the state of New York in accordance with articles of incorporation executed by these two Wallersteins and the defendant Stiefel, and that corporation is conducting a business in this state of the same kind as that carried on by the Wallerstein Company in Michigan. Since the compromise mentioned the said assets and property of said original corporation have been under the control and management of the said Regent Shirt Company and of the individual defendants.

The complaint also alleges that the said corporation abandoned its place of business in Michigan, and all the assets of the Wallerstein corporation which were in that state have been wrongfully removed therefrom by these defendants to the state of New York in order to make effectual their purpose to absorb its assets to the exclusion of the plaintiff and others similarly situated. It is also alleged that there is no one of the officers or other person representing said corporation in the state of Michigan upon whom process may be served, and in October, 1904, it caused to be filed with the Secretary of said state a statement to the effect that the company has "no debts or credits."

The complaint with tedious prolixity contains extracts from the statutory law of Michigan and charges that the defendants and said corporation have flagrantly violated these statutes and the laws of that state. We do not deem it necessary to analyze or comment upon these provisions of law or the alleged infractions of the same, contenting ourselves with the general statement that the complaint does aver these violations. The complaint alleges many other acts which it is unnecessary to enumerate, and which, it is charged, were connected with the chief conspiracy to make a dishonest adjustment with the creditors of

the Wallerstein corporation and appropriate its assets or the avails thereof for the benefit of these defendants. There are also allegations connecting each of the defendants with the alleged scheme or some part thereof. The action is commenced by the plaintiff in his own behalf and of all other persons in interest who may elect to join in the action. Several grounds are set forth in the demurrer, but it was sustained on the ground that the complaint fails to state a cause of action.

At the threshold of the discussion a disturbing objection, and the one which apparently influenced in a large measure the decision of the court below, is the failure to allege the refusal of the corporation, upon demand being made, to commence an action similar to the present one or that it had unreasonably neglected to commence such an action. It is clear the plaintiff cannot accomplish his purpose to secure a recovery of the assets for the benefit of the stockholders except through the corporation itself. The orderly mode of procedure, therefore, which seems to be somewhat rigidly adhered to, is for the stockholder suing to allege affirmatively a formal demand and refusal, or facts denoting a dereliction of duty by the directors to obtain by action the relief to which the stockholder deems himself entitled. Flynn v. Brooklyn City R. R. Co., 158 N. Y. 493-508, 53 N. E. 520; Niles v. N. Y. C. & H. R. R. R. Co., 176 N. Y. 119, 68 N. E. 142; Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121, 73 N. E. 562; s. c., 103 App. Div. 95, 92 N. Y. Supp. 543. This, however, is a rule of procedure which is a corollary of the proposition that the relief desired must be granted through the corporation, as the assets belong to it and cannot be converted into money or distributed and the rights of the parties determined except through its agency. Each of the cases cited recognizes the right of an aggrieved stockholder to maintain an action to enable the corporation to regain assets dissipated through the collusion of its directors or officers providing only the corporation upon demand refuses to enforce a like remedy or unreasonably postpones action. In that event the corporation must be made a party defendant, and the allegations of the complaint must conform to an action commenced by the corporation. If it is determined there are assets of the corporation which should be accounted for, they are directed to be turned over to that body to be treated as its property.

In this case all the directors and officers of the Wallerstein corporation, and the stockholders as well who are known to the plaintiff, were charged with active participation in the fraudulent scheme by which its assets had been dissipated and appropriated by the defendants. It is obvious, therefore, that a demand upon these directors or officers to commence an action to obtain the relief sought by the plaintiff would be futile, for the gravamen of the cause of action is their own misconduct. In effect they would be asked to sue themselves upon a charge of fraud sufficiently grave to justify an indictment against them. A corporate entity must act through its officers, and, if to set in motion that body will inevitably inculpate those officials, the requirement of useless demand would not seem to be necessary.

As was said in Sage v. Culver, 147 N. Y. 241, at page 246, 41 N. E. 513:

"Where the corporation is exclusively under the control of the trustees and officers whose acts and management are questioned, a demand that the corporation bring the action would be idle and fruitless, and in such cases equity permits the stockholder to bring the action in his own name."

In Brinckerhoff v. Bostwick et al., 88 N. Y. 52, the plaintiff was a stockholder of a national bank and brought an action in his own behalf and for other stockholders against the receiver; the bank and its directors charging the defendants with negligence in allowing the funds of the bank to be stolen and squandered. The court, in considering the question under discussion, used this language, at page 59:

"The action to recover such losses, as before observed, should in general be brought in the name of the corporation; but, if it refuses to prosecute, the stockholders, who are the real parties in interest, will be permitted to sue in their own names, making the corporation a defendant. * * * And that course of proceeding is also allowed if it appears that the corporation is still under the control of those who must be made the defendants in the suit. * * * In such cases a demand upon the corporation to bring the suit would be manifestly futile and unnecessary. A suit prosecuted under the direction and control of the very parties against whom the misconduct is alleged, and a recovery is sought, would scarcely afford to the shareholders the remedy to which they are entitled, and the fact that the delinquent parties are still in control of the corporation is of itself sufficient to entitle the shareholders to sue in their own names."

The complaint fairly complies with the requirement that where the action is commenced by a stockholder it must allege substantially the same facts which would be pertinent in an action by the corporation itself. In an action by it the gist of the claim would be the fraudulent dissipation of its assets, and the object sought would be the revesting in the corporation of the control and dominion of the property thus diverted. In this case the corporation is a party defendant. The action is in equity, and all the rights which would accrue to the corporation as plaintiff can be granted to it as defendant.

Nor is any remedy available to the plaintiff through the bankruptcy proceeding. That proceeding was for the purpose of disposing of the assets of the corporation for the benefit of its creditors. Upon their payment the proceeding was terminated. There is no officer in Michigan upon whom process may be served and no assets in that state to confer jurisdiction upon any of its courts. The assets are in the state of New York. The colluding officers of the corporation and the Regent Shirt Company, which by virtue of the fraudulent conniving of the directors of the supposed defunct corporation controls its business, are also in the state of New York. All of the parties to be affected by the judgment are within the jurisdiction of this state, and, as the assets are here, there can be no difficulty in adjusting the rights of the parties by this action.

It is claimed there is an improper joinder of causes of action in the complaint. There are allegations which considered independently of other connecting averments may be said to state a separate demand or claim. We must, in construing the complaint, realize that the pleader is attempting to state a multitude of facts and circumstances, all of which tend to show the collusive endeavor of the defendants to absorb the assets of this corporation. The defendants Wise were not stock-

holders of the corporation, but it is charged that they joined in with the other defendants to despoil the company of its property. Their presence may be necessary to the primary purpose of the action, which is to get the custody of the property into the Wallerstein corporation and compel an accounting of that diverted or squandered.

The fact that Knopf is the nominal custodian of the stock of plaintiff and of Benjamin is not an obstacle to the maintenance of the action, in the light of the circumstances set forth. The claim is that Knopf, in collusion with the other defendants, acquired this stock for a fraudulent motive. That the payment of the creditors, in any event, was the excuse for the acceptance of the certificates by him. If this is true, and the debts have been paid, the plaintiff by right may be entitled to his stock. The agreement between Benjamin and the other stockholders is charged to have been executed through deception practiced upon him, and in fact the whole project is imputed to a dishonest concerted attempt to get hold of the assets of the corporation. The plaintiff is not obliged to defer his action until the end of the litigation with Knopf. In the meantime the assets might not be attainable at all. If Knopf was one of the parties in the general scheme alleged and the transfer of this stock was a feature of the plot, he is a proper party defendant, and that aspect of the conspiracy can be determined in connection with the other phases of the fraud charged.

The plaintiff is not seeking to recover the debt which was canceled by the acceptance of the stock in the corporation, nor as a creditor. His only relief in this action, as already suggested, inures to him as stockholder and through the medium of the corporation. In construing the complaint, even though it may contain allegations apparently inconsistent, we must assume the facts are true; and we think it states a cause of action, and the relief to be accorded, if the facts charged are established, may be readily determined.

Interlocutory judgment should be reversed, with the costs and disbursements of this appeal, and the demurrer should be overruled, with costs, with leave to the defendants to plead over, upon payment of costs and disbursements of this appeal and the costs below. So ordered. All concur.